In Special Term—STORER, J. presiding.

BAILEY *vs.* THE CITY OF CINCINNATI.

A new trial will not be granted, except in very extreme cases, for inadequacy of the damages found by the jury, in actions for assault and battery, malicious prosecution, libel, and slander.

But on actions of tort, when from the nature of the injury received, and the means by which it was produced, the damages may in a good measure be computed by estimating the loss of time, and expenditures incurred, etc., it is the duty of the court in a proper case, when the jury have found that the injury was produced by the act of the defendant, to set aside the verdict, and grant a new trial, if a fair compensation for the injury has not been awarded. The §298 of the Code does not limit the power of the court, in such a case.

STORER, J.

This is an action for damages alleged to have been sustained by the plaintiff, in consequence of the neglect of the defendant to keep in repair a public street, by means of which neglect he suffered a severe personal injury. The jury having rendered a verdict for fifty dollars' damages only, a new trial is asked.

It was in proof on the trial, that the plaintiff while riding along one of the public streets, was thrown from his horse, and suffered for several months, from the fracture of his collar bone; meanwhile, he was deprived of his daily means of support, having been a superintendent of workmen, at wages from $3 to $5 per diem. His physical strength was also impaired, and one of his arms had become stiffened. The cause of the fall was proved to

Bailey *vs.* The City of Cincinnati.

have been an imperfection in the paved street, into which, the animal in passing, had placed his foot; this obstruction had remained in the street for nearly a year before the accident happened, and has not yet been removed. In addition to the loss of his wages, the surgeon's bill for attending the plaintiff was about $40.

By the §298 of the Code, it is provided: "that a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action, where the damages shall equal the actual pecuniary injury sustained." We regard this rule thus affirmed, but the received doctrine, as generally, perhaps universally, applicable to actions for assault, libel, slander, and false imprisonment; but that it cannot be extended to those cases, where the action is technically founded in tort, but the damages are to be measured by the amount of the actual expenses the party has incurred, the loss of his time—the duration of his disability, and other circumstances, that can be estimated in a large measure, by ordinary computation.

There is, as we think, no more reason to extend this provision of the Code to all torts, than there is to include within its meaning every case where consequential damages are sought to be recovered, for the breach of contracts: In both, the jury must determine the amount of loss the plaintiff has sustained upon the peculiar circumstances of each case; the nature of the transaction, and the situation of the parties.

Such cannot be the intention, else every claim for remuneration, where a person suffers by the wrongful act of another, whether it be by a collision on land or on the water; by the falling of a building, the digging of a pit,

or any obstruction on a public thoroughfare, must be left to the same unlimited discretion, as that which is claimed for juries, in actions for assault or slander.

In Armytage *vs.* Haley, 4 *Adolph. & Ellis N. S.* 917, it was held that where, in an action for an injury by negligence of the defendant's servant, the jury found a verdict for a farthing damages, though it appeared the plaintiff's thigh was broken, and he had paid £10 for surgical attendance, a new trial was granted, for the smallness of the damages; and although the rule was strenuously urged that in actions of tort, as a general thing, the verdict would not be disturbed, for the inadequacy of the finding of the jury, Lord Denman held that the cases cited to sustain the doctrine, did not apply, or they were decided in actions of slander for the most part; and the power of the court to reform or set aside the verdict in the case quoted, would seem to have been but the recognition of the ancient law, that in cases of mayhem, and aggravated assaults even, the courts might increase the verdict upon inspection; Cook *vs.* Beal, 3 *Salk.* 115, and Brown *vs.* Seymour, 1 *Wilson* 5; these cases fully establish the practice as governing the action of the English courts, and thus vindicate on the soundest principles, the right to grant relief from ill-advised or erroneous verdicts.

In 9 *Pick.* 11, Taunton Manufacturing Co. *vs.* Smith, it was complained that the plaintiffs had suffered damages by the defendant's neglect to perform his contract, in bleaching cotton cloths; it was proved on the trial, that he had omitted several of the processes requisite for good bleaching, and damages had been sustained to $1600, and upwards. The jury returned a verdict for $337 only. The plaintiffs applied for a new trial, on the ground that

the damages were too small, and the application was resisted on the ground, that the action being in the nature of a tort, the court should not interfere; but PARKER, C. J., held that the power ought to be exercised, "and that in all cases where the damages are capable of estimation, if there is a glaring deficiency, justice requires that the case shall be revised;"—and the same ground is maintained by the Supreme Court of Georgia, in Bishop et al. *vs.* The Mayor et al., of Macon, 7 *Geo. Reports* 201.

It has been held that a new trial ought never to be granted in actions for a personal injury, for the smallness of the damages only, as in Barker *vs.* Dixie, *Str.* 1057; Maurice *vs.* Brecknock, *Dougl.* 509. And it was said in Gower *vs.* Heath, *Barnes* 445, "that no instance has been produced where in such cases the application was granted." But the rule has not thus been rigorously applied by the American courts. It would seem to be now the established doctrine, that the question, whether a new trial should be granted in such actions or not, must be left to the sound discretion of the Judge, to be exercised, however, but in very special cases; and this we believe is the only safe mode of procedure to protect the rights of the parties and administer substantial justice. 9 *Pick.* 11, Taunton Man. Co. *vs.* Smith; 8 *Johns.* 287, Feeter *vs.* Whipple; 3 *Id.* 241, Hyatt *vs.* Wood; 9 *Id.* 37, Hartin *vs.* Hopkins.

As the jury have found in this case that the plaintiff sustained the injury he complains of, by the imperfection of the highway, which the defendants were bound to keep open and in repair, the right necessarily followed, that he should be satisfied for all the damages he had suffered in the loss of his business, his health, his time, and the

amount of his expenditures. In the opinion of the court, he will not be indemnified but in a very small degree for the injury he has sustained, and that it is but just he should have another opportunity to prove his case.

Motion for a new trial granted—on the payment of the jury fees; the other costs to abide the event.

MINER & OLIVER, and D. L. COLLIER, for the motion.

McGROARTY & BROWN, contra.