Nov. Term,
1860.

SULLIVAN
v.
WILSON.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. H. Colerick* and *J. Colerick*, for appellants.

*Withers* and *Morris*, for appellee.

---

SULLIVAN *v.* WILSON.

The true intent of § 353, 2 R. S. 1852, p. 118, is, that in all actions of tort, the Court is inhibited from granting a new trial on account of the smallness of the damages, in case the damages assessed by the jury equal the pecuniary loss.

The words, "Nor in any other action where the damages shall equal the pecuniary injury sustained," qualify all that goes before in the section.

*Saturday,*
*December 8.*

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, sued *Wilson*, alleging in his complaint that the defendant, on &c., at &c., committed an assault on the plaintiff, and then and

there beat, bruised, and wounded him, so that he was unable
to labor and transact his affairs and business for the space of
two months.  And that in the endeavor to be cured of the
bruises and wounds, occasioned as aforesaid, he was obliged
to, and did necessarily, expend $20 for medical services, &c.
The issues were submitted to a jury, who found for the plain-
tiff $3 and 50 cents.  And, thereupon, he moved for a new
trial, on two grounds:  1. The verdict is not sustained by
sufficient evidence.  2. The plaintiff is entitled to a larger
amount of damages than the jury have assessed in his favor.
This motion was overruled, and judgment given upon the
verdict.  The record contains a reserved case, which involves
but one question, viz: whether a new trial should have been
granted, which case is thus stated in a bill of exceptions.
" It was proved, on the trial, that the plaintiff, by reason of
the assault and battery, was injured in his face, head and
body, and confined, by reason thereof, from his ordinary labor,
ten days; that common labor was worth $1 per day, and that
in the curing of himself he incurred a liability for a physi-
cian's bill to the amount of $15.  The jury having rendered
a verdict for $3 and 50 cents, only, in favor of the plaintiff,
he claimed a new trial, on the ground that the damages had
not been assessed to the amount of the actual pecuniary injury
sustained; and the Court was of the opinion that the *actual
pecuniary injury sustained*, amounted to $25, and would
have granted a new trial, but for its construction of § 353,
2 R. S., pp. 118, 119, which section, as construed by the Court,
forbids, in all cases, the granting of a new trial, on account
of the smallness of the damages, for an injury done to the
person."

Section 353, is in these words: " A new trial shall not be
granted on account of the smallness of the damages, in actions
for an injury done to the person or reputation, nor in any
other action where the damages shall equal the pecuniary
injury sustained."

If this section terminated with the word " reputation," the
construction given by the Circuit Court would have been,
unquestionably, correct; but the remaining branch of the pro-
vision, viz: " nor in any other action where the damages shall

Nov. Term, 1860.

equal the pecuniary injury sustained," seems to qualify all that precedes it, and, in our opinion, evinces the true intent of the enactment to be, that in all cases of tort, the Court is inhibited from granting a new trial on account of the smallness of the damages, in case the damages assessed by the jury "equal the pecuniary loss." If this construction be correct, and we think it is, the Court, in the exercise of its discretionary power, might, in this case, have granted a new trial, because, as shown by the record, the damages did not "equal the pecuniary loss." Indeed, it is difficult to perceive any valid reason why the enactment, in question, should intend a distinction between "actions for an injury to the person or reputation," and other actions sounding in tort. We are of opinion that the Court, in its construction of the statute, committed an error, and the judgment must, therefore, be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

