## Shoff v. Wells.

1. NEW TRIAL: *Assault and battery.* In an action for assault and battery, a new trial will not be granted on account of the smallness of damages awarded by the verdict.

2. ——: *Error.* If it be granted and another trial take place, at which larger damages are awarded by the jury, all proceedings after the first verdict will be set aside, and judgment be ordered on that verdict.

This was a petition in error to bring up a judgment rendered by the District Court for Otoe county, for review. It was an action for damage for an assault and battery, committed by the defendant upon the plaintiff. The cause was tried at the December term, 1868, before the court and a jury. The testimony showed that the plaintiff paid a physician fifteen dollars for medical attendance, rendered necessary by the injuries inflicted upon him, and tended to show that for ten days he was unable to work, and that four dollars per day was what he could have earned. The jury rendered a verdict for seventeen dollars and fifty cents. The plaintiff moved for a new trial on the ground that the damages awarded were inadequate. The court granted the motion. The pleadings were amended and reformed by the parties, and another trial was had at the March term, 1869, before the court and jury, which resulted in a verdict for the plaintiff for thirty-seven dollars and ten cents. The defendant moved to arrest the judgment, which the court refused to do, and entered judgment for the amount of the verdict and costs.

*I. N. Shambaugh,* for plaintiff in error.

*C. W. Seymour,* for defendant in error.

CROUNSE, J.

· Shoff *v.* Wells.

In article six of the Code relating to new trials it is provided :

" Sec. 315. A new trial shall not be granted, on account of the smallness of damages, in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained."

The reading and interpretation contended for by the counsel for the defendant in error, is that in an action for damages for an injury to the person or reputation, as well as in all other actions, the damages must equal the actual pecuniary injury sustained.

This claim is opposed not only to the letter but to the obvious spirit of the section.

In cases of assault and battery, libel and slander, so many matters in aggravation or justification are disclosed upon the trial, that it is left for the jury to determine, in view of all the circumstances, what should be given as damages.  With their findings, courts rarely interfere. Scarcely a case can be found where a new trial has been granted, because of the smallness of the damages assessed. This section, we think, is but declaratory of the practice which has so long obtained.

The case must be remanded with directions to reinstate the first verdict, and to set aside all proceedings subsequent thereto.

Cause remanded with directions.