SHARPE *v.* O'BRIEN ET AL.

PRACTICE.—*Supreme Court.—Assignment of Errors.—Evidence.*—An objection to a ruling admitting or rejecting evidence cannot be raised by an assignment of error in the Supreme Court, where it has not been embraced as a reason in a motion for a new trial below.

DAMAGES.—*New Trial.*—Under the code, in actions for injury to the person or

reputation, a new trial cannot be granted because of the smallness of the damages assessed by the jury, whether they equal the pecuniary injury or not; but in other actions, where the damages assessed do not equal the pecuniary injury, the court may grant a new trial. *Sullivan* v. *Wilson,* 15 Ind. 246, overruled (WORDEN, J., dissenting).

APPEAL from the Miami Common Pleas.

DOWNEY, J.—The appellant sued the appellees to recover damages resulting from an assault and battery committed by them upon him, in which he alleged that they did, without any cause whatever, beat, bruise, wound, and maim him, by then and there unlawfully, and without any cause whatever, with force and violence, breaking the leg of him, the said plaintiff, and greatly injuring and disabling him by kicking, striking him with clubs, and cutting him with knives; from which he had lost the use of his left leg, his sense of hearing, and had been compelled to pay out and expend, for extra labor and for medical and surgical attendance, the sum of five hundred dollars; wherefore he demanded judgment for ten thousand dollars.

The defendants pleaded separately the general denial. The cause was tried by a jury, and there was a verdict for the plaintiff in the sum of two hundred and fifty dollars.

The plaintiff moved the court for a new trial, for the reasons:

First. For error of law in the giving, by the court, of instruction number four, asked by the defendants.

Second. Misconduct of the jury after their retirement, whereby their verdict was made by other than a fair and impartial investigation of the evidence given at the trial.

Third. The verdict is not sustained by sufficient evidence.

Fourth. The damages assessed are less than the actual pecuniary loss sustained by the plaintiff.

This motion was overruled by the court, and final judgment was rendered on the verdict. There is a bill of exceptions in the record, which contains the evidence and instructions.

The errors assigned are, first, the refusal to grant a new

Sharpe *v.* O'Brien *et al.*

trial; second, the giving of improper instructions; third, the receiving of improper evidence offered by the defendants; and, fourth, the rejection of legal evidence offered by the plaintiff.

As there was nothing said in the motion for a new trial about the improper admission or rejection of evidence, no question of that kind can be raised by an assignment of error, as is attempted in the third and fourth assignments. The second assignment is unnecessary. The giving of the fourth instruction was made a reason for a new trial; and the overruling of the motion for a new trial, and assignment of that as error, bring before us the question as to the correctness of that instruction, but not of any other.

We must then examine the reasons which were assigned for a new trial, and determine whether the motion made for the new trial was correctly overruled or not.

The first question relates to the correctness of the charge number four given at the instance of the defendants. We do not find any of the charges given on the application of the defendants in the record, and, in consequence, cannot say whether it was or was not correct.

There is nothing shown in the transcript about any misconduct of the jury.

We think the verdict was sustained by sufficient evidence. Indeed, the appellant himself insists, under his fourth reason for a new trial, that the evidence was more than sufficient to sustain the verdict, and that it should have been larger than it was.

The fourth reason was, that the damages assessed are less than the actual pecuniary loss sustained by the plaintiff. This is the point discussed by counsel in their briefs, and the only point which they do discuss. Counsel for the appellant claims that it was proved that the plaintiff was a farmer, and in consequence of his injuries could not labor on his farm, but had to hire laborers, and board them from the time of the injury until the commencement of the action; that these items amounted to five hundred and seventy dol-

lars; that his physician's bill was sixty dollars, making, in all, six hundred and thirty dollars; that as the jury allowed him only two hundred and fifty dollars, the amount of the verdict was too small, by three hundred and eighty dollars, to cover or equal the pecuniary injury to the plaintiff. Counsel for the appellees, on the contrary, estimates the amount of the plaintiff's pecuniary injury at not exceeding one hundred and eighty dollars, taking the evidence, as he understands it, as the basis of his calculation.

The outrage upon the plaintiff was cruel, and without any justification. Injuries were inflicted from which the plaintiff will never recover. We are quite sure that the court and jury must have misapprehended the rule of law by which the damages were to be measured; and if we felt at liberty to do so, we should reverse the judgment on account of the smallness of the damages. Looking at the provisions of the code with reference to new trials, however, we find no authority for granting a new trial, in this class of cases, for the reason here assigned.

The fourth reason for granting a new trial is, excessive damages. The fifth is error in the assessment of the amount of recovery, whether too large or too small, when the action is upon a contract, or for the injury or detention of property. These are the only reasons having any reference to the amount of the damages or recovery. In addition to this, it is expressly provided, that "a new trial shall not be granted on account of the smallness of the damages in actions for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained." Secs. 352 and 353, Civil Code.

Counsel for appellant, however, refer us to *Sullivan* v. *Wilson*, 15 Ind. 246. In that case, it is said by the learned judge who delivered the opinion of the court:

"If this section terminated with the word 'reputation,' the construction given by the circuit court would have been unquestionably correct; but the remaining branch of the provision, viz.: 'nor in any other action where the damages

shall equal the pecuniary injury sustained,' seems to qualify all that precedes it, and, in our opinion, evinces the true intent of the enactment to be, that in all cases of tort, the court is inhibited from granting a new trial on account of the smallness of the damages, in case the damages assessed by the jury 'equal the pecuniary loss.' If this construction be correct, and we think it is, the court, in the exercise of its discretionary power, might, in this case, have granted a new trial, because, as shown by the record, the damages did not 'equal the pecuniary loss.' Indeed, it is difficult to perceive any valid reason why the enactment, in question, should intend a distinction between 'actions for an injury to the person or reputation,' and other actions sounding in tort. We are of the opinion that the court, in its construction of the statute, committed an error," etc.

We are forced to disregard the authority of this case. We are quite clear that the section was intended to and does make a distinction between actions for an injury to the person or reputation and the other actions alluded to when the damages shall equal the actual pecuniary injury. In actions for injuries to the person or reputation, no matter how small the damages may be, whether they equal the pecuniary injury sustained or not, the court cannot, for that reason, grant a new trial. But in the other actions referred to, if the damages do not amount to the pecuniary injury sustained, the court may grant a new trial. We are confirmed in the opinion that this construction is correct from the fact that, as we have seen, no provision is made, among the reasons for a new trial, for granting a new trial in such a case as this for the smallness of the damages. We must, therefore, overrule the case of *Sullivan* v. *Wilson, supra.*

This construction of the statute leads us to the conclusion that the court committed no error in refusing a new trial for the reason assigned.

The judgment is affirmed, with costs.

WORDEN, J.—I think the case of *Sullivan* v. *Wilson* should

be adhered to, and I therefore dissent from the foregoing opinion.

*J. M. Wilson, N. O. Ross*, and *R. P. Effinger*, for appellant.

*J. L. Farrar, J. Farrar*, and *Shirts & Mitchell*, for appellees.