AUGUST BENZON, PLAINTIFF IN ERROR, v. THE BUR-LINGTON & MISSOURI RIVER RAILROAD COMPANY, DEFENDANT IN ERROR.

Verdict. Where in an action to recover damages for injury to property, and the cause of the injury is a matter of conjecture, a verdict in favor of the plaintiff will not be set aside at his instance because the verdict is not as large as it probably would have been had the cause of the injury been fully proved.

ERROR to the district court of Douglas county. Heard below before WAKELEY, J.

*Congdon, Clarkson & Hunt,* for plaintiff in error.

*T. M. Marquett* and *Charles J. Greene,* for defendant in error.

MAXWELL, J.

This is an action for damages growing out of an alleged trespass upon the plaintiff's real estate. The plaintiff alleges in his petition that at the time the injuries were com-

mitted he was the lessee and in possession of lots 3 and 4, in block 125, in Omaha, and the owner of an ice-house thereon ; that on the 1st day of March, 1882, such ice-house was stored with ice belonging to the plaintiff; that said lots are situated to the east of and at the foot of a high bluff, and the slope of the land from the ice-house is from the west to the east, and the natural flow of water in that direction ; "that on or about the 1st day of May, 1882, defendant, its agent, and servants wrongfully, willfully, and injuriously entered upon the east 66 feet of said lots, and hauled, dumped, and deposited thereupon a large quantity of earth, and thus formed a barrier which obstructed the flow of water across said lots, prevented its escape from in and about said ice-house, and caused it to collect, stand about, and flow into said ice-house to the height of several feet, thereby wetting and displacing the ice of plaintiff and injuring his building," in all to his damage in the sum of $15,000.

The defendant in its answer alleges that it is the owner of the lots upon which the grading was done; that the work was performed to raise the grade of said lots to the established grade of Farnam and Douglas streets; that said grading was properly and skillfully done by competent engineers. It is denied that the plaintiff is the lessee of said lots, or that he had stored therein the amount of ice he claims. There is also an allegation that the injury was caused by his own negligence.

On the trial of the cause the jury returned a verdict in favor of the plaintiff for $75, interest and costs. The principal objection made in this court is, that the verdict is against the clear weight of evidence. It appears from the evidence that in the spring of 1882 the attorneys for the plaintiff, after being informed by Mr. Holdrege, the superintendent of the defendant, that Mr. Calvert was the proper person to whom to apply, addressed to him the following letter :

"OMAHA, NEB:, April 21st, 1882.

*T. E. Calvert, Esq., Chief Eng. B. & M. R. R., Omaha,*
*Neb.:*

DEAR SIR—Mr. Aug. Benzon, who owns lots 3 and 4, in blk. 125, lying at S. E. cor. of 8th and Douglas Sts., and who has over 4,000 tons of ice stored there, requests us to write you in reference to putting in a culvert from his ice-house through the adjoining lots which you are now filling. On account of filling your lots water already stands in his house to the depth of six inches, and the first rainfall will work him great damage. A culvert 100 feet long would stretch from his house through your lots to the culvert recently put in by the Con. Tk. L. Co., whose permission he has to effect a juncture with them. To do this would be comparatively inexpensive to you, and save him much threatened damage. We would be pleased to receive a communication from you in reference to the matter at your earliest convenience," etc.

To this communication Mr. Calvert, on April 27, 1882, replied as follows : " Yours of the 21st received during my absence. Hence the delay. We certainly do not intend wantonly to harm the property of Mr. Benzon. But in order to put the property lying east of him in shape for R. R. purposes it must be graded up some 8 feet, which will raise it considerably above base of ice-house, and ground around there can only be kept free from water by a drain. A drain through our property is of no value whatever to us and we should not therefore be asked to put it in. We will, however, gladly give Mr. Benzon every facility for placing it. The claim that ditch dug to let water out from ice-house is, I think, without foundation." The testimony tends to show that the ice-house in question is situate on the bottom lands near the Missouri river, but close to the base of the bluffs ; that the land upon which it is built is quite low, and even before the grading complained of, the drainage imperfect ; that the building was erected in 1876

and was considered a good building of that class; that dur-
ing the overflow of the Missouri river in 1881 the water
had been several feet in depth around the building for some
time, which had the effect of causing the building to lean
over to the east, and but for heavy props placed against it
then it would have burst; that some of the props had been
removed prior to the spring of 1882, and there was danger,
even while the grading complained of was being done, that
the building would burst on the east side and south end.
The insecure condition of the building seems to have in-
duced the plaintiff to bank the earth up against the east
side and south end of the building to about the height of
six feet. On cross-examination he testifies in answer to the
question, "What did you bank this up for with dirt that
was there?"

A. It was filled up within ten or fifteen feet of the
house on the east side; it was filled up to Douglas street.
I throwed it against the house to keep the sills from fall-
ing out. The ice would not have stayed there three days
if I hadn't put dirt against the house to hold it together.
I would have lost every pound of ice I had if I hadn't
put dirt there. If it had once caved it would have been
gone.

This it must be remembered was while the grading com-
plained of was being done. The plaintiff made a drain
across the grading of the defendant to the sewer of the
Tank Co.; but as the ice-house seems to have been lower
than the sewer the drainage was still imperfect. This,
however, is not claimed to have been the fault of the defend-
ant. There is a conflict in the testimony as to whether or
not this drain across the defendant's grade was kept open,
the plaintiff testifying that the employes of the defendant
filled it in order to have a passage way for teams, while
other witnesses testify that it was not filled up, but re-
mained open during the entire summer of 1882 as well as
that of 1883.

During the summer of 1882 the west side of the ice-house burst for a distance of about fifty-five feet from the south-west corner. This caused a considerable loss of ice from melting, which is the principal ground of damage in this case. The testimony, however, fails to show with any degree of certainty that the bursting of the ice-house was caused through the fault of the defendant. The ice is shown to have melted at the south-west corner of the building, and not evenly around the outside courses as it necessarily would have done had it been caused by stagnant water surrounding the building. It is more probable that the injury was caused by defective packing, and the insecure condition of the building. But, however this may be, these questions were submitted to the jury and considered in their verdict, and unless the verdict is clearly wrong it will not be set aside. In the 263 pages of testimony in the record a very large proportion is devoted to the value of ice, the quality, mode of packing, degree of waste, etc., questions proper to be inquired into, but the real cause of action—the cause of the injury—for want of evidence, no doubt, is left almost entirely to conjecture. The case was one proper to be submitted to a jury under proper instructions. Objections are made to some of the instructions, but as we see no error in them they need not be noticed here. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.