CASE 46—PETITION—NOVEMBER 15.

## Walden, &c., v. Phillips.

APPEAL FROM HENDERSON CIRCUIT COURT.

DESCENT—INFANTS—HUSBAND AND WIFE.—After judgment had been rendered in favor of husband and wife against wife's former guardian for the amount found due her upon settlement, the court, upon the application of the wife's mother to have a receiver of the wife's estate appointed, she having married under sixteen years of age without the consent of her mother or guardian, appointed the husband as receiver, and directed him to collect from the wife's guardian the amount for which judgment had been rendered, and to pay annually to his wife, for her separate use, the interest arising therefrom. Before the husband had entered upon his duties as receiver, he and the wife's mother entered into an agreement by which the wife's money was invested in land, which was conveyed to the wife for life, remainder to her children. The wife died leaving one child, and after her death the child died. Held—That the father, and not the kindred of the mother, inherits the land, for the reason—

1. That the father, by investing his wife's money, did not absolutely waive all interest in it, so as to make the land in which he invested it a gift from the wife to her child, and deprive himself of the right of inheriting the land from the child.

2. The action of the court in appointing a receiver of the wife's estate, as provided by the statute, did not affect the husband's marital rights as to the money, but merely postponed his use of it until his wife should arrive at the age of twenty-one years.

3. Where an infant dies without issue, having title to real estate, the title to which has been derived by gift, devise or descent from one of the maternal grandparents, the estate descends to the father of the infant, and not to the mother's kindred, the mother being dead. Sec-

tion 9 of chapter 31 of the General Statutes applies only to such real estate as the infant has derived *from* the father or mother.

JOHN YOUNG BROWN, THOMAS E. WARD AND RICHARDS & HINES FOR APPELLANTS.

1. "An act to quiet title to lands," passed in 1854, authorizing suit for that purpose by one having both title and possession, is still in force. (Barker v. Warren, 6 Ky. Law Rep., 87; Kincaid v. Magowan, 6 Ky. Law Rep., 102; 7 Bush, 49.)

2. The estate of the wife not having been reduced to possession by the husband might have been, by the court, settled upon the wife for her benefit and that of her children. (Story's Equity, vol. 2, sec. 1417; Pomeroy's Equity, sec. 1116; Bennent v. Dillingham, 2 Dana, 437.)

3. The husband's right to the wife's choses in action accruing to her during coverture is contingent upon his reducing them to possession during his life. (Dunn v. Lancaster, 4 Bush, 483; 4 B. M., 255; 7 B. M., 348.)

4. The husband may waive his right to the wife's choses in action and consent to a settlement upon her. (10 Page, 608, 618; Kelley v. Kelley, 5 B. M., 371; Campbell v. Galbraith, 12 Bush, 462; Tanner v. Skinner, 12 Bush, 120; Prebble v. Hall, 13 Bush, 64; 7 Ky. Law Rep., 581; Walls v. Chandler, MS. Op., Nov. 12, 1880.)

5. The land in controversy having been bought with the money of appellee's wife, her child took it as a gift, and at the death of the child it passed to the mother's kindred, and not to the father. (Gen. Stat., chap. 31, secs. 8 and 9.)

MONTGOMERY MERRITT FOR APPELLEE.

1. Appellan not being in possession, an action to quiet title will not lie. (6 Ky. Law Rep., 102, 224.)

2. It is the title to the land, evidenced by deed, that determines whether it is "a gift or devise," and not the consideration. (Gen. Stat., chap. 31, sec. 9.)

3. The choses in action of a wife are her property only to the extent that she may have settlement. (Pomeroy's Equity, secs. 1114, 1118.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, Charles Phillips, married Mary Moss in 1882. The former was at the time of marriage in the twenty-first year of his age, and the latter was not sixteen years of age. After their marriage, and while the one was under twenty-one years of age and the

other under sixteen years of age, they instituted suit against Geo. W. White, the statutory guardian of Mary Phillips, formerly Moss, upon his bond as such guardian ; judgment was rendered in favor of the appellee and his wife, Mary Phillips, against Geo. W. White, for the sum of two thousand eight hundred and fifty-nine dollars and eighty-two cents.

The appellant, Mrs. Walden, the mother of Mary Phillips, filed a petition and answer in said suit, in which she asked that Geo. W. White, as guardian, be directed to pay her the sum of eight hundred and twenty-five dollars for the board of Mary Phillips.

Mrs. Walden also filed a petition, as the next friend of Mary Phillips, against the appellee and his wife, Mary Phillips, and Geo. W. White, in which she alleged that Mary Phillips was under sixteen years of age at the time she married the appellee, and that she married the appellee without the consent of her statutory guardian or her mother, her father being dead. For these reasons, Mrs. Walden asked that a receiver be appointed to take charge of the money in the hands of Geo. W. White, as the guardian of Mary Phillips.

After judgment had been rendered in favor of the appellee and his wife, Mary Phillips, against Geo. W. White, as guardian, for the sum of two thousand eight hundred and fifty-nine dollars and eighty-two cents, the lower court, upon the facts set forth in the pleadings, appointed the appellee as the receiver of his wife's estate, and directed him, as such receiver, to collect from Geo. W. White the amount of money found to be due by him to his wife, and to pay an-

nually to his wife, for her separate use, the interest arising from said money. But before appellee executed the bond which the court required him to execute as such receiver before entering upon the discharge of his duties, an agreement was entered into between him and Mrs. Walden, by which two thousand four hundred dollars of money due by Geo. W. White, as guardian, was paid to —— Haynes for a tract of land which he conveyed to appellee's wife, Mary Phillips, for life, with remainder to her children. This arrangement seems to have been approved by the lower court, and the suits were dismissed. The appellee's wife, Mary Phillips, shortly after giving birth to her first child, died, and not long after her death the child died.

The appellant, Mrs. Walden, as the mother of Mrs. Phillips and the grandmother of the child, and the other appellants as the uncles and aunts of the child on its mother's side, claim this land under section 9, chapter 31, of the General Statutes, which reads as follows: "If an infant dies without issue, having title to real estate derived by gift, devise, or descent from one of his parents, the whole shall descend to that parent and his or her kindred, as hereinbefore directed, if there is any; if none, then in like manner to the other parent and his or her kindred."

It is the settled law of this State that title to real estate derived by an infant by gift, devise or descent, from the maternal grandfather, descends to the father of the infant, if the infant dies without issue. (Duncan v. Lafferty, 6 J. J. M., 47; Smith v. Smith's Executors, 2 Bush, 522.) These cases, and others that might be referred to, but it is unnecessary, decide that the

vol. 86—20

section of the statute *supra* relates to such real estate as the infant derives title to by gift, devise or descent, from one of his parents, but not to such real estate as the infant derives title to by gift, devise or descent from other persons.

But the appellant's contention is that the appellee, by purchasing the land with money which came by his wife, and having the title made to her for life, with remainder to her children, waived his marital rights to the money, and also waived any direct or ultimate interest in the land purchased with the money. Therefore, the remainder interest in the land was in fact a gift from Mrs. Philips to her children. The case of Walls, &c., v. Chandler, MS. Opinion, 1880, is relied on as sustaining this contention.

The facts of the case were, that the husband of Mrs. Walls purchased in her name a tract of land and took a bond for a deed to her and her heirs. The land was paid for with the proceeds of a tract of land descended to Mrs. Walls from her father, and the price of a slave which belonged to her. That part of the money which arose from the sale of her land was received by her husband and paid on the purchase money for the land he purchased in her name. The note for the price of the slave was payable to Mrs. Walls, which note was assigned to the vendor of the land to complete the payment for the land. After the land was paid for, it was conveyed to Mrs. Walls' husband for the use and benefit of herself and her three children. Two of her children having died after they were twenty-one years old and without issue, the question arose as to whether Mrs. Walls or her husband, who was

the father of the children, inherited their interest in the land. It was held by this court, under section 8, chapter 30, of the Revised Statutes, which reads as follows : " When a person dies intestate and without issue having real estate of inheritance, the gift of either of his parents, such parent, if living, shall inherit the whole of such estate," that Mrs. Walls inherited the interest of her two children in said land, because it was a gift by her to them.

The land and slave, the proceeds of which were used in the purchase of the land in controversy in that case, belonged absolutely to Mrs. Walls, and her husband by the marriage acquired no title thereto ; nor did he, by virtue of the marital relation, acquire any title to the land and slave as the administrator, survivor or distributee of his wife in case he survived her ; but the same would descend to her children. Therefore, the husband having received the money arising from the sale of her land for the purpose of paying it, and actually paying it, on other land purchased for her, did not change its legal status ; therefore, this court held that the interest of Mrs. Walls' two children in the land thus purchased was a gift from her.

The case at bar is not like the case of Walls v. Chandler, *supra*.

It is well-settled by this court that, by the principles of the common law, marriage invests the husband with the legal title to all the personal property, including money, which the wife owns and is in the possession of at the time of marriage, or which may be reduced into possession at any time during coverture.

It is also equally well-settled by this court that the

marriage gives to the husband the legal right to reduce the wife's choses in action into his possession, and when they are reduced into his possession, they, at law, become his absolutely; also, before they are actually reduced into his possession he has a qualified property in them, which ripens into a perfect legal title by the act of reducing them into his possession with the intention of making them his own; also, that by reason of his qualified property in his wife's choses in action, he, in case of her death, is entitled to them, to the exclusion of her next of kin, either as her administrator, survivor or distributee.

But, as is well-settled, the husband may waive absolutely his right to his wife's choses in action, and consent that the legal title to them may remain in her, and in such case, in the event of her dying first, he will not be entitled to them as her administrator, survivor or distributee; but they will descend to her next of kin. Therefore, if the appellee did not waive absolutely his interest in the money, and consent that it might be hers to the exclusion of his rights, by investing it in the land in controversy for her benefit during her life, with remainder to her children, then he did not deprive himself of the right of inheriting the land from his child, who died in infancy and without issue; for it will not be contended that if the appellee had reduced the money into his possession as his own, and then bought the land with it and caused the title to be made to his wife during her life, with remainder to her children, that he would not have inherited the title of his child dying in infancy and without issue. Here, however, the appellee did not reduce the money

into his actual possession as his own, but he did all in that direction that he could do—he obtained judgment for it; but, under the authority of chapter 52, article 1, section 21, of the General Statutes, which provides, in substance, that if any female under sixteen years of age marries without the consent of her father or guardian, or of her mother, the court having general equity jurisdiction in the county of her residence shall, on the petition of her next friend, commit her estate to a receiver, who shall hold her estate during her minority, and pay to her separate use the rents and profits of such estate during her minority, and when she shall arrive at the age of twenty-one years, the estate shall be delivered to her, the circuit court restrained the payment of the money to him. And while he was under this legal restraint, he, with the consent of the court, purchased the land in controversy with the money. If the money had not been thus invested, it would not be contended that the appellee, upon the death of his wife before she attained her majority, would not have been legally entitled to the money as her survivor or distributee. No proposition is clearer; for it was not the object of the law-making power, by the provision *supra*, to deprive the husband of his marital rights in his wife's property, but simply to postpone his right to the use of it until his wife's arrival at twenty-one years of age, and then, if circumstances justified it, to further postpone his right to the use of it by providing for the further support of the wife out of the estate, upon the principle of an equitable settlement. So, we think that the action of the circuit court in appointing a

receiver did not affect the appellee's marital rights to the money, but was merely intended to postpone his right to the use of it until his wife should arrive at the age of twenty-one years.

As to the proposition that the appellee waived his common law rights by investing the money in the land, there are two negative answers: First, the fact that he invested the money in the land first for the benefit of his wife during her life, and second for the benefit of her children in remainder, negatives the idea that he intended to surrender to his wife his entire interest in the money, and shows that he intended out of his interest to give to her only what was equivalent to a life estate therein, and to give her children the remainder interest therein. Second, the appellee alleged in his answer, and the allegation was not denied, that it was not the intention of himself or his wife to change or alter the course of descent by so investing the money.

For the reasons above indicated, we think that the appellee did not waive his common law right to the money, except to the extent of investing the same in the land as a gift to his wife during her life, and at her death as a gift in remainder to her children; and, therefore, he inherited the land from his infant child.

The judgment of the lower court is affirmed.