ALLEN H. CARPENTER v. CITY OF RED CLOUD.

FILED MARCH 5, 1902.   No. 11,314.

Commissioner's opinion, Department No. 2.

1. **Damages:** INADEQUATE VERDICT. In an action for damages for injuries to the person and property of the plaintiff, where the testimony clearly shows that plaintiff has sustained substantial damages to both person and property, a judgment for $1 damages will be set aside as grossly inadequate.

2. **New Trial:** SMALLNESS OF DAMAGES: QUÆRE. Whether, in an action for injuries to the person, a new trial may not be granted on account of the "smallness of damages," where the testimony clearly shows that the damages awarded are grossly inadequate as compensation for the pecuniary injuries actually sustained, quære.

3. **Instructions:** ADMISSION OF TESTIMONY: CRITICISM. Conduct of the court in the giving of instructions and the admission of testimony criticised.

ERROR from the district court for Webster county. Tried below before BEALL, J. *Reversed.*

*P. A. Wells* and *S. A. Searle,* for plaintiff in error.

*George R. Chaney* and *J. R. Mercer, contra.*

OLDHAM, C.

This was an action by the plaintiff against the defendant, the city of Red Cloud, Nebraska, for injuries to the person and property of the plaintiff. The injuries are alleged to have been occasioned by the negligence of the de-

fendant city in digging a ditch across one of its streets, and leaving it entirely unprotected so that, as the petition alleges, the plaintiff, while driving with his team and buggy along defendant's street, drove into the ditch, and, as a result of the accident, killed one of his horses, crippled the other by breaking its foreleg, thereby entirely destroying its value, injured his buggy materially, and was himself thrown violently to the ground and received serious and permanent bodily injuries. Defendant answered this petition by alleging that the injury was occasioned by the contributory negligence of the plaintiff. The testimony on the part of plaintiff clearly showed that he had actually received serious and permanent bodily injuries as a result of the accident. It also showed that before the injury he was an able-bodied man, thirty-nine years of age, and was earning by his labor $1.50 per day, and that as a result of the injury he had been for about a year unable to earn anything by manual labor. The evidence also showed that he had expended about $30 for medical services and attendance on account of his injuries. The testimony as to the extent of plaintiff's injuries was not seriously disputed by the defendant. The only direct effort made to discredit the extent of his injury was an attempt to show that plaintiff owned only a one-half interest in the team that was destroyed. The jury returned a verdict for the plaintiff, and assessed his damages at one dollar. There was judgment on the verdict, and plaintiff brings error to this court.

Numerous errors are alleged in the proceedings of the court in the trial below, both in the admission of testimony and in the giving of instructions; and, while we think that most of the allegations of error are well assigned, yet, in view of the conclusion which we shall reach, it will be necessary to examine only one of these allegations, and that is that the judgment is contrary to the evidence and that the damages assessed are grossly inadequate.

It is urged by counsel for defendant that in view of section 315 of the Code of Civil Procedure, which provides

that "A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained," we are precluded from granting a new trial in this case on account of the "smallness of damages." The first clause of this section of the statute applies only to actions for an injury to the person or reputation, and in the case at bar the action was for injuries to both person and property, and the testimony as to the injury to the property alone in this case shows a damage far in excess of the amount awarded. We are aware of the fact that in the case of *Shoff v. Wells,* 1 Nebr., 168, section 315, *supra,* was held to effectually prohibit a new trial in an action for injuries to the person on account of the "smallness of the damages," even though the damages assessed did not equal the actual pecuniary injury sustained. But in the later case of *Ellsworth v. City of Fairbury,* 41 Nebr., 881, this court, while not specifically referring to the above case, either modified, overruled or ignored its construction of section 315, *supra,* and set aside a judgment for $100 in an action for personal injuries, because under the testimony, it was grossly inadequate as compensation for the actual pecuniary loss sustained by the plaintiff. In view of the rule announced in this later case, even though the case at bar had been an action for injuries to the person alone, under the undisputed testimony as to the actual pecuniary injuries sustained we would still feel it our duty to set aside this judgment as grossly inadequate. If the reasonable, humane and liberal interpretation given to section 315 of the Code of Civil Procedure in *Ellsworth v. City of Fairbury, supra,* is to be followed as an established rule of construction by this court, why should not so much of the opinion in *Shoff v. Wells* as is in conflict with this doctrine be overruled?

As this case must be tried again, we think it well to suggest that paragraphs 3 and 4 of instructions given at the request of the defendant city at the former hearing are

each misleading and properly subject to criticism. We also think that the original method by which the testimony of defendant's witness Judson was procured outside of court during the progress of the trial, and without any notice, as required by law, having been served on the plaintiff, should not be followed during the next trial of this cause. We would also suggest that an instruction should be given on the proper measure of plaintiff's damage in case he should prevail. This was not done at the former trial, and while the court was not wholly at fault in this matter because no such instruction was requested by plaintiff's counsel, yet it seems reasonably certain that, if a proper instruction had been given on the measure of damages, it would, perhaps, have prevented the return of a verdict by the jury which was nothing less than a comic caricature of the damages actually proved.

We recommend that the judgment of the district court be reversed and the cause remanded.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.