MATTHEW O'REILLY v. ABRAHAM L. HOOVER ET AL.

FILED NOVEMBER 18, 1903.   No. 12,995.

New Trial.   In an action for personal injuries, a new trial will not be granted on account of smallness of damages.   Code, sec. 315.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE.   *Affirmed.*

*John M. Stewart* and *Thomas C. Munger,* for plaintiff in error.

*Robert J. Greene, Lorenzo W. Billingsley* and *Richard H. Hagelin, contra.*

HASTINGS, C.

The sole error urged in the argument of this case is that the damages assessed by the jury in the district court in favor of the plaintiff in the original action are entirely inadequate.   In the brief on file are some other complaints as to error in giving instructions and in the admission of evidence.   The instructions complained of do not, however, affect the question of the amount of damages, nor does the evidence, errors as to the admission of which are complained of; and the question of the plaintiff's right of recovery having been found in his favor by the jury, error in the submission of that question can hardly be complained of by him.   This was conceded in the argument, and the sole question that we are asked to consider is, whether the verdict, which was for $199 in the plaintiff's favor, is too small in amount to be sustained by the evidence.

It is asserted by the plaintiff in error that the uncontradicted evidence shows that plaintiff was an electrical engineer, capable of earning, and prior to the injury receiving, from $100 to $125 a month; that by the injury he was confined to his bed 12 or 13 weeks; that he went on crutches 8 or 9 weeks afterwards, and that from the injury

to the time of the trial his earning power was reduced at least one-half. It is claimed that he expended for medical treatment on account of the injury $100; that the injury is a permanent one and has left him with one short, stiff leg; and that the uncontradicted evidence shows damages to the plaintiff, up to the time of trial, for loss of time and for medical treatment, to the amount of at least $1,200, that therefore the verdict for $199 can not be sustained, and the case should be reversed and sent back for a new trial.

It is contended on the part of the defendant in error, in the first place, that smallness of damages in an action for injuries to the person is not a ground for a new trial. Section 315 of the code reads as follows:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained."

Plaintiff in error, however, cites *Ellsworth v. City of Fairbury,* 41 Neb. 881; *Spirk v. Chicago, B. & Q. R. Co.,* 57 Neb. 565; *Carpenter v. City of Red Cloud,* 64 Neb. 126, and claims that the rule is applicable only to damages arising from loss of reputation, injury to the feelings and physical pain, or other matter which can not be exactly ascertained or computed in terms of dollars and cents, but has no application to cases involving actual loss of time and other circumstances which can be ascertained by ordinary computation. It is claimed that *Bailey v. City of Cincinnati,* 1 Handy (Ohio), 438; *Taylor v. Howser,* 12 Bush. (Ky.) 465; *Jesse v. Shuck,* 12 S. W. (Ky. App.) 304, and *Ray v. Jeffries,* 86 Ky. 367, under the same code provision as our section 315, so applied the rule. *Emmons v. Sheldon,* 26 Wis. 648, is also cited for the doctrine that inadequacy of damages may furnish sufficient ground for the setting aside of the verdict, but the question of the application of the code provision to such case is not considered, and, indeed, in that case, the verdict was set aside as having been "perverse."

The defendant in error, on the other hand, says that the Nebraska cases can not be regarded as authority for any such interpretation of the code provision, which has been quoted, but that in *Shoff v. Wells*, 1 Neb. 168, the precise question was passed upon, and it was there held that, in an action for injuries to the person, smallness of damages is no ground for new trial, and the fact that actual pecuniary damages in excess of the amount awarded was suffered by the plaintiff was no ground for reversal. *Shoff v. Wells* so holds, in express terms. It was an action where the trial court granted a motion for a new trial in a case of assault and battery, for the reason that the evidence showed $15 expenditure for medical attendance and $10 loss of time, and the jury awarded to the plaintiff only $17.50; and the district court allowed a new trial, and a new verdict was rendered allowing plaintiff $37.10. Motion was made in arrest of judgment on the last verdict, which the district court overruled,. and, on error, this court set aside the second verdict and the judgment on it, and directed the rendition of one upon the first verdict, on the ground that section 315 of the code prevented the granting of any new trial in the case. This case has never been, in terms, overruled. It cites nothing but section 315 of the code.

*Ellsworth v. City of Fairbury*, 41 Neb. 881, was an action for injuries received by falling through a sidewalk. It was reversed in the following terms:

"It is undisputed that the average weekly earnings of plaintiff, prior to the accident, were from $8 to $10 and that, since receiving the injuries up to the time of the trial or for thirty-eight weeks, she has been wholly unable to do any work. Therefore, under the uncontradicted testimony, the verdict should have been for at least $304."

No other ground is given for reversing the case. So far as appears from the reported decision, the question of the application of section 315 of the code was not raised by counsel nor considered by the court.

The case of *Spirk v. Chicago, B. & Q. R. Co.*, 57 Neb. 565,

was reversed because of smallness of damages. It was an action brought for expulsion from a train. At the original trial, counsel for the plaintiff expressly refused to indicate whether the action was for tort or for failure on the part of the railway company to perform its contract of carriage. The petition set up the contract to carry the plaintiffs to Benkelman, and that a request for plaintiffs to leave the train at McCook was followed by their refusal and their forcible removal. The action was by no means simply one for injuries to the person. The application of section 315 to it would have been so entirely uncertain that the counsel on either side never raised it in this court.

*Stanwood v. City of Omaha*, 38 Neb. 552, cited in *Spirk v. Chicago, B. & Q. R. Co.*, was not an action for personal injuries, at all, but for damages to real property by reason of the erection of a viaduct.

*Carpenter v. City of Red Cloud*, 64 Neb. 126, was a suit for injury occasioned by the negligence of the city in digging a ditch across one of its streets and leaving it unprotected. Injuries to the person were claimed, and the killing of one of the plaintiff's horses and the crippling, sufficiently to destroy its value, of the other, and the destruction of his buggy were alleged, also. The cases of *Ellsworth v. City of Fairbury* and *Shoff v. Wells* are compared somewhat to the disadvantage of the latter, and it is suggested that *Shoff v. Wells* should be overruled and *Ellsworth v. City of Fairbury* adhered to, but it is expressly indicated that it is not done, and was not required to be done, in the *Carpenter* case.

It would seem that the legislator, who framed sections 314 and 315 of the code, certainly expressed his intention very definitely that, in an action to recover for personal injuries, smallness of damages should not be a ground for a new trial. The fifth subdivision of section 314 gives a new trial for "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property."

Such is the positive statutory provision with reference to new trials for errors in the assessment of damages, namely, that a new trial may be granted for error in that respect, where the action is upon contract or for injury to or detention of property. Section 315 is the negative provision, that a new trial shall not be granted on the ground of smallness of damages, in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained.

The interpretation sought to be given to this section is that it merely means, that no new trial shall be granted where the damages equal the actual pecuniary injury. Such interpretation nullifies the attempt to distinguish between actions on contract or for injury to property, and actions for injuries to the person, which is made, not only in section 315 but in section 314, not only in the negative but in the positive provisions of the code. To say that, in all cases, the damages allowed must be equal to the pecuniary injuries sustained, is to abrogate the distinction as to action for injury to the person or reputation, sought to be established by the legislature. The attempt to establish such a distinction may have exposed the law makers to the reproach, which has been frequently made against them, that they always show a greater regard for property rights than for personal ones; but, unless it is held to be an unconstitutional provision, a violation of some restriction upon legislative power contained in the fundamental law, the courts would seem compelled to respect it when the legislature has established it. What the precise reason for making such a distinction was, we can only conjecture. Perhaps, it might have been the fact adverted to in the defendant's brief in this case and extensively discussed in the notes to *Benton v. Collins* (125 N. Car. 83), 47 L. R. A. 33. Uncertainty as to the cause of an injury, and as to the degree of responsibility for it which would be attached to each of the parties, often serves to reduce the amount of plaintiff's recovery, when the jury finally decide in his favor. It might have been the supposition of the lawmaker

that substantial justice would be better reached, by preventing any complaint of smallness of damages on the part of the successful party, than by following the different rule that the pecuniary injury must, at least, be compensated for, if any recovery is allowed. This view seems to be announced in *Benzon v. Burlington & M. R. R. Co.,* 18 Neb. 659, in which the court say:

"Where in an action to recover damages for injury to property, and the cause of the injury is a matter of conjecture, a verdict in favor of the plaintiff will not be set aside, at his instance, because the verdict is not as large as it probably would have been had the cause of the injury been fully proved." *Benzon v. Burlington & M. R. R. Co.* was an action for a trespass upon real estate, which is alledged to have caused a considerable loss by the melting of ice in the plaintiff's storage house. Plaintiff's claim was for 4,000 tons of ice and injury to his building. The whole damage he had placed at $15,000. The verdict was for $75. In that case, as in this one, it was claimed that the general verdict being in plaintiff's favor, it must be held to establish defendant's responsibility for the injury and make it liable for the pecuniary extent of such injury; but this court, finding the question of the cause of the injury involved in complete obscurity, declined to interfere with the verdict.

A similar claim is made in this case, that the evidence is entirely inconclusive as to whether the injury was caused by the defendant's negligence or was due to the plaintiff's, at least in part; that, in fact, the evidence of plaintiff does not indicate with certainty any greater damages than he recovered, and does not indicate any sufficient ground of recovery at all, and the verdict should be sustained for these reasons. We do not deem it worth while to discuss these questions, because the authority of section 315 and of *Shoff v. Wells, supra,* seem to us to conclusively prevent any interference with the verdict upon the sole ground which is alleged in this case, namely, smallness of damages, where the action is purely for personal injuries.

The case of *Ellsworth v. City of Fairbury, supra,* does not seem to commit this court to any contrary doctrine, inasmuch as neither party chose to cite section 315 of the code, and this court did not see fit, itself, to raise the question.

In *Sullivan v. Wilson,* 15 Ind. 246, it is held that a code provision, identical in terms with our section 315, had no application to cases in which damages did not equal the pecuniary loss sustained by the plaintiff, and was held not to prevent a new trial.

In *Sharpe v. O'Brien,* 39 Ind. 501, however, this conclusion was overruled, and it was held that the code provision prevented an allowance of any new trial on the ground that damages were too small in actions for injury to person or reputation. This conclusion has since been adhered to in Indiana. *Gann v. Worman,* 69 Ind. 458.

We see no sufficient reason for departing from the holding of *Shoff v. Wells* until the legislature sees fit to adopt the Iowa statute. This latter statute provides, in substance, that smallness of damages in actions for personal injuries or to reputation shall be no ground for a new trial, if they are equal to the actual pecuniary injury.

The foregoing argument as to the distinction between action for injury to person or reputation, and other torts, is substantially taken from the case of *Sharp v. O'Brien.* It seems to us more logical than the reasoning of the Cincinnati superior court in *Baily v. City of Cincinnati,* 1 Handy (Ohio), 438, or that of the Kentucky supreme court in the cases cited. The general holdings on this subject will be found in 37 Cent. Dig., col. 1014, and following.

It is recommended that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is.

AFFIRMED.