## DAVID H. MITCHELL v. STILLINGS & FENLON.

NEWLY-DISCOVERED EVIDENCE; *When Cumulative merely, Not Sufficient for Awarding New Trial.* A defendant testified concerning a certain conversation had between himself and the plaintiff, which conversation, as he stated it, amounted in law to a contract. The plaintiff in his testimony denied ever having any such conversation as the defendant testified to. Judgment was rendered in favor of the plaintiff. The defendant then moved for a new trial on the ground of newly-discovered evidence. The newly-discovered evidence was the testimony of a certain witness, embodied in an affidavit of such witness, and read on the hearing of the motion, in substance, that he was present at the time of said conversation, and heard the same, and that it was in substance the same as the defendant had stated that it was in his testimony. The defendant also read an affidavit of his own on the hearing of said motion, stating in substance, that said evidence was newly-discovered, and that, although he had exercised due diligence, he had not been able to discover the same until after the trial. But he did not state why he did not have knowledge of the same at the time said conversation occurred, or why he had afterward forgotten it. *Held*, that said supposed newly-discovered evidence was mere cumulative, and not newly-discovered.

*Error from Leavenworth District Court.*

THE district court, at March Term 1877, gave judgment in favor of *Stillings & Fenlon,* against *Mitchell,* defendant. New trial refused, and defendant brings the case here.

*Baker & Dill,* for plaintiff in error.

*Stillings & Fenlon,* defendants in error, for themselves.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Stillings & Fenlon against David H. Mitchell for professional services as attorneys-and-counselors-at-law. The action was commenced in a justice's court, where judgment was rendered in favor of the plaintiffs for the amount of their claim, to-wit, $250. The defendant appealed to the district court, where the case was again tried, before the court and a jury, and a verdict and judgment were there rendered for the plaintiffs for the sum of $200. Immediately after the verdict was rendered, the defendant moved to set aside the same, and for a new trial, upon three separate grounds, one of which was for newly-discovered evidence. The court below overruled this motion, and rendered judgment for the plaintiffs as afore-said, and the defendant now brings the case to this court.

The only ground for reversal relied on in this court is, that the court below erred in refusing to grant a new trial upon the ground of newly-discovered evidence. We do not think that the court below erred; for in our opinion, the supposed newly-discovered evidence was merely cumulative, and was not in fact newly-discovered evidence at all. A discussion of this question will involve a consideration of a large portion of the evidence introduced on the trial, as well as a consideration of the supposed newly-discovered evidence. There was only one question of fact concerning which the parties materially differed, and that was as to the amount which they believed the plaintiffs were entitled to recover. The plaintiffs claimed that they were entitled to recover

$250, while the defendant claimed that they were entitled to recover only $50. The services for which the plaintiffs sued in this action, were services rendered by the plaintiffs in an action brought by Mitchell against Austin Claflin and others, on a note and mortgage. F. P. Fitzwilliam was also an attorney in that case for Mitchell. Stillings testified on the trial in this case, that Mitchell agreed to pay a fee of $500 in the Claflin case, in case a judgment could be recovered for the full amount of the note and mortgage. This would have given to the plaintiffs a fee of $250, and Fitzwilliam a fee of $250. Mitchell however testified, that at first he agreed to pay Stillings a fee of $200 in case the full amount of his claim could be recovered, but that afterward he told Stillings that he would pay him in connection with Fitzwilliam a fee of $100 and take all the risks himself, and that Stillings agreed to the same. This agreement Mitchell testified was made in the spring of 1876, near the corner of Second and Shawnee streets, in Leavenworth city. A judgment was rendered in said Claflin case in favor of Mitchell for the full amount of said note and mortgage, and said judgment was afterward satisfied by Mitchell receiving from Claflin certain property and $320 in money. Evidence was also introduced on the trial, by the plaintiffs, with regard to the value of their services rendered in said Claflin case. Said newly-discovered evidence was the testimony of a colored man by the name of Reuben Jackson. This testimony was incorporated in an affidavit, and was filed and read on the hearing of said motion. The evidence was in substance as follows: "In the spring of 1876, Jackson was present at a conversation had between Stillings and Mitchell, near the corner of Second and Shawnee streets, in Leavenworth city, and heard Mitchell tell Stillings that he, Mitchell, would pay Stillings and Fitzwilliam $100 for trying said Claflin case, and that Stillings replied that they would try it for that amount." Mitchell also filed and read on the hearing of said motion his own affidavit, in which he stated, among other things, that he did not suppose, prior to said trial, that Stillings

would deny his said contract; that said evidence of Jackson's was newly-discovered; and that, although he had, prior to the trial, used due diligence to discover any and all evidence applicable to his case, yet that he did not discover this evidence of Jackson's until after the trial. Stillings also filed an affidavit which he read on the hearing of said motion. We do not think that the court below erred in overruling said motion. Jackson's evidence was merely cumulative, and was not newly-discovered evidence. The conversation, with respect to which Jackson would have testified, was undoubtedly the same conversation with respect to which Mitchell had already testified, and the same conversation which Stillings had denied on the witness-stand. In this respect this case differs from that of *Klopp v. Jill*, 4 Kas. 482. In that case no evidence was given on the trial concerning the conversation afterward claimed to be newly-discovered evidence. In that case the defendant did not hear the conversation, as the defendant testified he did in this case. In that case the conversation did not constitute a contract, as the witness testified it does in this case. In that case it was a mere admission, made by the plaintiff to a third person, and of which the defendant knew nothing until after the trial, and concerning which no evidence was given on the trial. But as we have already stated, the evidence of Jackson is not only merely cumulative, but it is not newly-discovered. Mitchell undoubtedly had full knowledge of it, if it is true, long before the trial, and at the very time when such conversation was being had. If Jackson was in fact present, and in fact heard all said conversation between Mitchell and Stillings, Mitchell must have known it. But if he did not know it, then why not? Not a word of explanation has been given. But if Mitchell had knowledge of this evidence at one time, and had forgotten it, then why did he not tell the court so, and give some reason for his want of recollection? Not one word of explanation was given on that subject. And Mitchell's excuse for not exercising greater diligence in *finding* this evidence, is hardly sufficient. He says that he did not sup-

pose, before the trial, that Stillings would deny his contract. Now under said alleged contract the plaintiffs would have been entitled to recover only $50, or just one-half what Mitchell testifies he was to pay them and Fitzwilliam together; and yet the plaintiffs sued for $250. The action was commenced in a justice's court. The plaintiffs there claimed $250. They obtained a judgment for that amount. And Mitchell then appealed to the district court. Did he suppose that the plaintiffs would relent in the district court, and take a judgment for $50? There is not the slightest evidence in this case tending to show that either of the plaintiffs, at any time after said alleged contract is claimed to have been made, ever admitted that they were not entitled to recover the full amount for which they sued. But on the contrary, Stillings testified that the matter had been the subject of frequent conversations and attempted settlements between himself and Mitchell, and that he always claimed that they were entitled to recover all that they sued for, and that he never agreed, even as a compromise, to take anything less than $150.

The judgment of the court below must be affirmed.

All the Justices concurring.