SARAH N. STANWOOD v. CITY OF OMAHA.

FILED JANUARY 2, 1894. No. 5639.

On an appeal from an award of damages for the construction of a viaduct it appeared from the proof that the damages were grossly inadequate. The verdict and judgment, therefore, are set aside and the cause remanded for further proceedings.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*Charles B. Keller*, for plaintiff in error.

*W. J. Connell* and *E. J. Cornish*, contra.

MAXWELL, C. J.

This is a petition in error to review the judgment of the district court of Douglas county on an award of damages to the plaintiff for injuries to lot 4, block 204, in the city of Omaha, by the erection of the viaduct on Tenth street in said city. The lot in question has a frontage on Tenth street of 132 feet, and on Leavenworth street of sixty-six feet. The viaduct at the point indicated is about thirty feet above the street. The verdict below was $500, in favor of the plaintiff.

The principal objection is that the verdict is against the weight of evidence, the amount of the award being greatly beneath the damages proved. W. V. Morse, a witness in the case, placed the value of the lot before the construction of the viaduct, in round numbers, at $59,000, and afterwards $31,000. J. B. Carmichael at $49,000 before and $24,000 afterwards. George C. Ames placed the value before at $46,000, and afterwards at $23,000. Lewis S. Reed placed the value before at $39,000, and after such construction at $26,000. George Hobbie placed the value before at $66,000, and after the erection at $33,000. John T. Dillon placed the value before at $52,000, and after the erection at $26,000. These witnesses are shown to be well acquainted with the value of real estate in Omaha, and in that particular part of the city, and we do not think this testimony is overcome by that on behalf of the city. But the testimony as to the rental of the buildings is much stronger in favor of the plaintiff. Before the erection of the viaduct the plaintiff received as rental for the ground alone the sum of $1,200, the taxes being paid by the lessee, and the lessee sublet the premises for nearly or quite twice that sum; but after the erection of the viaduct the rents were greatly reduced, more than one-half, and it was difficult to find paying tenants even at the reduced rate. These facts show that the property has been greatly injured for

either sale or lease, and that $500 is a grossly inadequate sum for the damages sustained. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.