EMAN J. SPIRK ET AL. V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED FEBRUARY 9, 1899.   No. 10394.

1. **Harmless Error.** The exclusion of evidence, if not prejudicial to the complaining party, furnishes no ground for the reversal of a judgment.

2. **Review:** INSTRUCTIONS. Assignment of error relative to giving instructions must be specific in both petition in error and motion for a new trial; if grouped in either and not of force as to one of the number included, it is without avail as to all.

3. **Railways:** PASSENGERS. Whether passengers on a railway train have exercised the required care to ascertain whether they are on the right train or in the proper car of the train to reach their destination is generally a question of fact to be submitted to the jury.

4. **Review:** OFFER OF PROOF NECESSARY. *Held*, That there should have been an offer of proof to present for review the action of the trial court by which certain testimony was excluded.

5. **Damages.** The damages assessed were inadequate and did not furnish compensation for the necessary loss shown.

ERROR from the district court for Saline county.   Tried below before HASTINGS, J.   *Reversed.*

*J. H. Grimm* and *J. R. Webster*, for plaintiffs in error.

References: *Baltimore & O. R. Co. v. Bambrey*, 16 Atl. Rep. [Pa.] 67; *Head v. Georgia P. R. Co.*, 79 Ga. 359; *Alabama G. S. R. Co. v. Heddleston*, 3 So. Rep. [Ala.] 53; *South & N. A. R. Co. v. Huffman*, 76 Ala. 496; *Louisville, N. A.*

& C. R. Co. v. Wolfe, 27 N. E. Rep. [Ind.] 606; English v.
Delaware & Hudson Canal Co., 66 N. Y. 454; Chicago, S.
L. & P. R. Co. v. Holdridge, 118 Ind. 281; St. Louis, A. &
T. R. Co. v. Mackie, 9 S. W. Rep. [Tex.] 451; Shepard v.
Chicago, R. I. & P. R. Co., 41 N. W. Rep. [Ia.] 564; Ells-
worth v. City of Fairbury, 41 Neb. 881; Stanwood v. City
of Omaha, 38 Neb. 552; Sternberg v. State, 36 Neb. 307.

J. W. Deweese, F. I. Foss, and F. E. Bishop, contra.

References: Church v. Chicago, M. & S. P. R. Co., 60 N.
W. Rep. [S. Dak.] 854; Chicago & A. R. Co. v. Randolph,
53 Ill. 515; Ohio & M. R. Co. v. Applewhite, 52 Ind. 546;
Barker v. New York C. R. Co., 24 N. Y. 599; Beauchamp v.
International & G. N. R. Co., 9 Am. & Eng. R. Cas. [Tex.]
307; State v. Brady, 69 N. W. Rep. [Ia.] 290; Tyler v. Chi-
cago & N. W. R. Co., 71 N. W. Rep. [Ia.] 536; People v.
Dow, 64 Mich. 717; Sira v. Wabash R. Co., 21 S. W. Rep.
[Mo.] 905; Georgia Railroad & Banking Co. v. Eskew, 47
Am. & Eng. R. Cas. [Ga.] 635; Lewis v. Flint & P. M. R.
Co., 18 Am. & Eng. R. Cas. [Mich.] 263; Henry v. St. Louis,
K. C. & N. R. Co., 12 Am. & Eng. R. Cas. [Mo.] 288; Platt
v. Chicago & N. W. R. Co., 21 Am. & Eng. R. Cas. [Wis.]
319; Pittsburg, C., C. & S. L. R. Co. v. Lightcap, 34 N. E.
Rep. [Ind.] 243; Allen v. Wilmington & W. R. Co., 8 Am. &
Eng. R. Cas. n. s. [N. Car.] 257; Noble v. Atchison, T. & S.
F. R. Co., 5 Am. & Eng. R. Cas. n. s. [Okla.] 309; Trot-
linger v. East Tennessee, V. & G. R. Co., 13 Am. & Eng. R.
Cas. [Tenn.] 49; White v. Evansville & T. H. R. Co., 33 N.
E. Rep. [Ind.] 274; Townsend v. New York C. & H. R. R.
Co., 56 N. Y. 301; Selleck v. Lake S. & M. S. R. Co., 23 Am.
& Eng. R. Cas. [Mich.] 340; Carsten v. Northern P. R. Co.,
44 Am. & Eng. R. Cas. [Minn.] 394; Brown v. Chicago, M.
& S. P. R. Co., 3 Am. & Eng. R. Cas. [Wis.] 444; Texas
& P. R. Co. v. Ludlam, 57 Fed. Rep. 484

HARRISON, C. J.

For each of the plaintiffs in error an action was insti-
tuted to recover the damages alleged to have been caused

by their wrongful, unlawful, and forcible ejection, before
arrival at their destination, from a train of the company,
on which they were passengers.   The causes of action
originated in the same occurrences and the causes were
consolidated and but one trial had.    There were verdicts
and judgments for the plaintiffs, which on error to this
court in behalf of the company were reversed and the
causes remanded.    A second trial in the district court
resulted in verdicts and judgments for the plaintiffs, but
being dissatisfied with the amounts of recovery they
now present the causes here for review.    The facts were
stated in a former opinion (see 51 Neb. 167) and we will
not restate them, but for the main facts refer the reader
of this opinion to that one.

The company was allowed to introduce what are
termed in railway business "train sheets," the memo-
randa or records made by a train dispatcher of arrivals
and departures of trains to and from stations.    That
these were admitted in evidence is the burden of one of
the assignments of error.    Whether the action of the
court in overruling objections to the introduction of
these "train sheets" was or was not erroneous is with-
out weight at this time, with the existing conditions of
the evidence in regard to the movements of the trains
on which the plaintiffs traveled at the time of the oc-
currences in which these suits originated; and of the
train on which they should have made a part of their
journey the evidence contained in the "train sheets"
could not possibly prejudice the rights of the plaintiffs.

It is complained that the seventh instruction given on
the court's own motion was erroneous.    In the assign-
ments in the motion for a new trial this was grouped
with other instructions, and to some of the group no ex-
ceptions seem to have been noted, and some were with-
out error; hence the assignment must be overruled.

It is also urged that the court erred in giving instruc-
tion numbered eight, requested by the company.   In
the complaint of this action in the motion for a new trial

this is joined with another to which there was no exception, and against which no objection is at this time raised, and the assignment must be held unavailing.

It is argued for the company that it was the duty of the plaintiffs to ascertain where, when, and how they could travel to their destination by the trains of the company, what changes would be necessary, and, apparently having failed in the duty, they had no just cause of complaint against the company. A number of other and further more or less connected matters are also discussed. However all these things may be, we are satisfied that, under the facts undisputed or established and those which on conflicting evidence were determined necessarily favorably to plaintiffs in order to reach a general finding in their behalf, the question of whether they had done all that in the exercise of ordinary prudence under the circumstances was required in making inquiries relative to the running and stopping of trains at stations was a matter of fact, and if so, was for the consideration and determination of the jury; and as the verdict was for the plaintiffs, it must be concluded that this, with other facts elemental of the groundwork of such a verdict, was decided in their favor.

It is also complained that the damages awarded the plaintiffs were inadequate. This contention is correct. The amounts of the verdicts were below the pecuniary loss established; hence the judgment must be reversed. (*Stanwood v. Omaha*, 38 Neb. 552; *Ellsworth v. City of Fairbury*, 41 Neb. 881.)

It is complained that testimony was excluded of the cost of the railway tickets which had been purchased by plaintiffs for passage over the company's line of road to Haigler, the place to which they were traveling. Relative to this it may be said that to give the court a full knowledge of what it was sought to show in the answer to the interrogatory to which an objection was sustained, and to direct attention to its relevancy and materiality, if any it would possess, it was necessary that an offer of

proof should have followed the ruling of the court. There was no offer, and the alleged error will not be reviewed.

REVERSED AND REMANDED.