ANTHONY E. LANGDON V. JAMES E. CLARKE.

FILED APRIL 5, 1905. No. 13,731.

1. **Trial: WAIVER.** Where, in an action for personal injuries, counsel for plaintiff invites the jury to return a verdict for the defendant if they find that the plaintiff is only entitled to nominal damages, and such verdict is returned, plaintiff cannot complain if the evidence would support a verdict for such damages.

2. **Damages.** Under section 315 of the code, which provides, in substance, that a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person, a verdict for nominal damages should not be set aside for that reason in such an action, even though in the opinion of the court the damages are inadequate.

3. **Assault: INSTRUCTION.** Where there is no evidence of provocative words, it is error to instruct the jury that mere words of provocation are not sufficient to justify a person in committing an assault and battery upon another, but the words may be considered in mitigation of damages.

ERROR to the district court for Sarpy county. GEORGE A.
DAY, JUDGE. *Reversed.*

*T. J. Mahoney* and *A. E. Langdon*, for plaintiff in
error.

*W. R. Patrick, contra.*

LETTON, C.

This was an action to recover damages for assault and
battery which it is alleged was committed upon the plain-
tiff in error, who was the plaintiff below, by the defend-
ant Clarke on the 23d day of May, 1902. The answer ad-
mits the assault, alleges that the blows were struck in self-
defense, and denies that the plaintiff received the injuries
described in the petition. The reply denies the allegations
of the answer, admits that the plaintiff struck one blow,
and alleges that he did so in self-defense after he had
been assaulted. The jury returned a verdict in favor of
the defendant, upon which judgment was rendered dis-
missing the case.

The plaintiff Langdon is an attorney at law engaged
in the practice of his profession at Papillion, in Sarpy
county, and the defendant James Edward Clarke is a
resident of that vicinity. On the day the altercation took
place the plaintiff was proceeding to his place of busi-
ness, when the defendant, who was standing on the street
corner, near a number of other persons, called to him and
asked him to release a certain judgment which the plain-
tiff had obtained against him a short time previous. Some
words passed between them with reference to the judg-
ment, when the defendant struck the plaintiff a blow in
the face and knocked him down on the sidewalk, in a sit-
ting posture. The evidence as to what follows is some-
what contradictory, but it would appear that the plain-
tiff arose and struck at the defendant, and that something
of a struggle took place thereafter. The defendant ad-

mitted that he struck the plaintiff before the plaintiff had made any attempt to strike him or had threatened him in any way. The plaintiff testified to physical injuries consisting of bruises, strains and disturbances of the functions of certain organs, but the corroborative testimony as to these matters was not very strong, and the evidence fails to show that any of them resulted directly from the first assault by Clarke; and it is probable that the injuries resulted from the subsequent melee after Langdon had arisen and, as some witnesses testify, became the aggressor. It is undisputed, however, that the plaintiff was the victim of an unprovoked and unjustified assault in the first place. The district court instructed the jury as follows: "The undisputed evidence in the case shows that on the 23d day of May, 1902, the defendant and the plaintiff met upon the streets in the village of Papillion, Nebraska, and, after engaging in some words, the defendant assaulted the plaintiff and struck the plaintiff in the face before the plaintiff had offered any violence to the defendant. Under the law mere words of provocation are not sufficient to justify a person in committing an assault and battery upon another, but the words may be considered by you in mitigation of damages. Your verdict will therefore be for the plaintiff, in any event, for such damages as you find him entitled to, under the evidence and these instructions, for whatever injury was inflicted by the first blow." The jury disregarded this instruction and brought in a verdict finding for the defendant. When the verdict was read it was promptly set aside by the trial judge as being in disregard of this instruction. Afterwards, upon a motion being made to reinstate the verdict, a number of affidavits were filed on behalf of the defendant to the effect that when Mr. Mahoney, the plaintiff's counsel, was making his closing argument to the jury he used substantially the following words: "Gentlemen, Mr. Patrick has asked you to return a verdict in favor of the plaintiff for nominal damages. Such a verdict would at once brand every person

on this jury as dishonest and unworthy of the confidence reposed in you. If you do not find the plaintiff entitled to a verdict for substantial damages, I ask you to return a verdict for the defendant." Mr. Mahoney in an affidavit denies this exact language, but says that what he did say was, in substance, that the plaintiff was entitled to substantial damages, and that, if the jury should find he was not entitled to recover, they ought not to return a verdict of nominal damages, but should give a clear verdict for the defendant. There is little difference in these statements, and it would seem therefore that the jury were invited by the plaintiff's attorney to return a verdict for the defendant if they found that the plaintiff was only entitled to nominal damages. If the evidence in the case warranted the jury in returning a verdict for nominal damages only, we are inclined to think that the action of the jury in taking the plaintiff's counsel at his word was something of which he was not entitled to complain. During the progress of the trial the control of his client's interests was in counsel's hands, and he might have, with his client's consent, explained to the jury that the actual damages were much less than the amount sought in the petition, and thus voluntarily reduced the amount of recovery, or he might dismiss the case altogether. We think it was entirely within his power to say to them that, if they found the plaintiff was not entitled to a verdict for substantial damages, he would prefer that they should find for the defendant. But the question arises whether a verdict for nominal damages could be supported under the uncontradicted evidence in this case. We are decidedly of the opinion that such an assault as defendant admits to have occurred, perpetrated upon a professional man on the public street, in the presence of bystanders, with such violence as to knock him to the sidewalk, cannot be properly compensated by nominal damages.

We have in this state, however, a statute, the justice of which may perhaps be questioned, which provides that

"a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person." Sec. 315 of the code. This statute has been upheld by this court and construed to mean exactly what it says. *City of Omaha v. Crocker, ante,* p. 240; *O'Reilly v. Hoover,* 70 Neb. 357. If therefore a verdict for nominal damages had been returned, the court would not have granted a new trial. Since therefore a verdict for nominal damages could have been sustained, we are of the opinion that when the jury took plaintiff's counsel at his word he was not prejudiced; that, by reason of the invitation given to the jury to return a verdict for the defendant instead of nominal damages, the plaintiff was not entitled to a new trial on account of the violation of the instruction.

Complaint is made of that portion of this instruction which stated that words of provocation may be considered in mitigation of damages, and it is contended that in this jurisdiction the only damages ever allowed are compensatory, and therefore that actual damages sustained cannot be reduced or mitigated by reason of any words which the plaintiff may have used before he was assaulted. It is further urged that there is no evidence of provocative words to warrant the giving of the instruction. The doctrine which permits mitigation of damages by reason of provocative words is proper in those states which allow punitive damages to be recovered, but its propriety is open to question where no recovery of damages by way of punishment is permitted. In this case, however, this question is merely academic and will not be discussed, since there is no testimony which shows the use of any words on the part of the plaintiff which were reasonably calculated to provoke an assault. The only testimony of anything said by him prior to the striking was that he said he was not a liar, that he was not afraid and that the plaintiff could not make him run. There was no evidence of any words used by the plaintiff which the jury were entitled to take into consideration in mitigation of

damages. Hence, this portion of the instruction was not warranted by the evidence and was, we think, prejudicially erroneous. The jury may well have thought the words used were proper to consider in mitigation of damages, and in consideration thereof reduced the recovery to nominal damages, and by reason of the request of counsel hereinbefore discussed rendered a verdict for the defendant instead of for reduced damages.

For this error, we think the judgment of the district court should be reversed and the cause remanded.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

<div align="right">

REVERSED.