HARRY L. NORTON, APPELLANT, v. LINCOLN TRACTION COMPANY, APPELLEE.

FILED DECEMBER 18, 1912.   No. 16,845.

New Trial: AMOUNT OF DAMAGES. "In an action for personal injuries, a new trial will not be granted on account of smallness of damages." *O'Reilly v. Hoover*, 70 Neb. 357.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed*.

*M. L. Kimmel, T. J. Doyle* and *G. L. De Lacy*, for appellant.

*C. S. Allen, contra*.

ROSE, J.

This is an action to recover damages in the sum of $10,000 for personal injuries caused by the alleged negligence of defendant in running a street car, on which plaintiff was a passenger, rapidly around a curve at Sixteenth and M streets in the city of Lincoln, and in throwing him

violently to the pavement. The answer was a general denial and a plea of negligence on the part of plaintiff. From a judgment on a verdict in favor of plaintiff for one dollar, he has appealed.

The controlling question for review is the sufficiency of the evidence to sustain a verdict for one dollar only. Plaintiff was seriously injured. The jury found in his favor. He insists that evidence of his hospital expenses and of other definite items of pecuniary damage amounting to $220.70 is undisputed; that therefore the verdict is too small to be sustained by the evidence; and that consequently a new trial should be granted. Defendant's answer to this argument is that section 315 of the code forbids the granting of a new trial on account of the smallness of damages awarded by a jury in an action for personal injuries. The precise question was considered in *O'Reilly v. Hoover*, 70 Neb. 357, and it was there held: "In an action for personal injuries, a new trial will not be granted on account of smallness of damages." Section 315 of the code, though repealed in 1911 (laws 1911, ch. 169), was in force when the trial court overruled plaintiff's motion for a new trial in the present action, and is binding on the parties thereto. The judgment below cannot be reversed without overruling the case cited, and it is deemed inadvisable to do so. Adherence to that case leaves the proceedings below without error.

AFFIRMED.