NATHAN H. BLAKELY, APPELLANT, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED JUNE 16, 1913. No. 16,916.

1. New Trial: AMOUNT OF RECOVERY. A new trial will not be granted in an action for damages because of personal injuries on account of the smallness of the verdict alone, where section 315 of the code was in force at the time the district court refused to grant the same.

2. Jury: EXAMINATION OF JUROR. In the examination of a venireman upon his *voir dire*, he will not be deemed to have deceived counsel as to his relations with opposing counsel, when he admits the relations existing between them and answers all questions truthfully.

3. Appeal: DAMAGES: REVIEW. In an action for damages for personal injuries, if the verdict is for the plaintiff, only those errors will be considered on plaintiff's appeal which might affect the measure of damages.

4. Street Railways: PEDESTRIANS: NEGLIGENCE. The pedestrian should look before he attempts to cross parallel street railway tracks, and if there is an obstruction which interferes with his view he should use additional care.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*H. S. Daniel, Weaver & Giller* and *John A. Moore,* for appellant.

*John L. Webster* and *W. J. Connell, contra.*

HAMER, J.

Nathan H. Blakely, the plaintiff and appellant, appeals from a judgment rendered in the district court for Douglas county in his favor and against the defendant and appellee, the Omaha & Council Bluffs Street Railway Company. It is claimed by the plaintiff that the defendant company was negligent in the operation of one of its street cars, whereby the same struck and injured the plaintiff. The judgment is for $305. The appeal is upon the theory that the judgment fails to correspond to the injury sustained. In *O'Reilly v. Hoover,* 70 Neb. 357, this court held, as stated in the syllabus: "In an action for personal injuries, a new trial will not be granted on account of smallness of damages." Code, sec. 315. The section of the code referred to read: "A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained." The section of the code referred to has since been repealed, but, being in force at the time of the trial, must control the action of this court.

The first assignment of error is based upon the examination on his *voir dire* of the juror Gorman. In the same first assignment of error it is said "that said juror Gorman failed to make a full disclosure of his business connection with the defendant's attorney, W. J. Connell, in response to questions, proper answers to which would have disclosed such business relationship." In the brief of counsel for the plaintiff it is said: "It is established that the juror was asked by the plaintiff on *voir dire* if he had any busi-

ness relations with defendant's attorney, and the only dis-
closure thereof by the juror was that he had furnished
the attorney's family with livery at times, but not as much
as the juror would like, while a full and fair disclosure
would have shown that the attorney was a regular cus-
tomer; that the relationship of debtor and creditor existed
between them; that in the month of January, a few days
before the trial, and after Gorman had been summoned
as a juror for the term of court in which the case was tried,
his firm furnished livery to the attorney, which was used
by the attorney personally; that the latter had a charge
account with juror's firm, which under the usage and
custom of the firm had not been closed at the time of trial;
that the juror at least thought that the attorney hired all
his livery from the juror's firm." The affidavit of Carpen-
ter tends to show that one of the counsel for the defend-
ant, Mr. Connell, had an account with the livery firm of
which the juror was a member; that this account was for
the use of a carriage or carriages, and Mr. Connell's af-
fidavit shows that the carriage or carriages were ordered
by his wife or by some other member of his family. It will
be seen that the contention of the plaintiff is that the pro-
posed juror should have made fuller answers to the ques-
tions put to him by counsel for the plaintiff. The pro-
posed juror seems to have made no denial of the fact that
"he had furnished the attorney's family with livery at
times, but not as much as (he) the juror would like."
There was no denial of the business relation existing.
It was the duty of the counsel for the plaintiff, if he deemed
the juror likely to be influenced by a transaction of that
kind, to have then and there excused him. He did not
do that. After the verdict is rendered comes his first ob-
jection. In view of the facts stated, it is perhaps unneces-
sary to further discuss the contention of counsel for the
plaintiff on this point. It is claimed that the plaintiff is
entitled to know all the facts so as to enable him to exer-
cise his right of peremptory challenge advisedly. *Basye
v. State,* 45 Neb. 261. Plaintiff's counsel, with full knowl-

edge of the facts, allowed the venireman to be accepted and to be sworn as a juror, and to sit and render a verdict.

It is contended by counsel for the plaintiff that there was error in part of instruction No. 1, reading: "If you believe any witness has knowingly and wilfully testified falsely, you are at liberty to disregard the whole of such witness' testimony, except such portion as may have been corroborated by other credible witnesses or evidence." It is said that there was no warrant for giving this instruction as there was no evidence that any witness had sworn falsely, and the false testimony must be in regard to some material matter. If the result of the trial had been a verdict for the defendant, this instruction might have been held to constitute prejudicial error, but there was a verdict for the plaintiff, and from this verdict it is evident the jury believed the plaintiff's witnesses. Therefore, if there is error in this instruction, which is certainly not to be commended, then it is not prejudicial error. We do not think that it can be safely assumed that because this instruction was given there was prejudicial error, as there was a verdict for the plaintiff which does not seem to be in disregard of the evidence.

It is also contended by counsel for the plaintiff that there was misconduct of the jury because some of the jurors experimented as to whether they could see a car coming upon the farther track while passing behind another car. The affidavit of Elbert F. Feenan alleges that he, with other jurors whose names he does not mention, stood behind a moving street car on Farnam street, and, looking beyond said moving street car to where a car could be seen approaching upon a parallel track, they endeavored to determine something as to the effect of certain evidence in the case. He does not say what that something was, nor how it was applied to the particular case. Of course the purpose of the affidavit was to show misconduct upon the part of the jury, and in that way to obtain a new trial. Unless it can be shown that the misconduct was prejudicial to the claim of the plaintiff, it furnishes no reason

for a new trial, and as the verdict was in plaintiff's favor no prejudice is shown.

In *Crowell v. State,* 79 Neb. 784, the officer in charge of a jury in taking them to their boarding place conducted them along the street where the alleged burglary was said to have been committed, and two of the jurors made affidavit that they walked slowly past the place and made such observations as they could, and that the moon was shining and a bright electric light was burning in the center of the street, and presumably the conditions as they described them were about the same as when the burglary was alleged to have been committed. There had been evidence by one of the witnesses for the prosecution that he recognized the defendant, and saw him go to the window of the feed store in question and break it and reach in and take a sack of flour. There were affidavits also to show that when they returned to the jury room there was a discussion, and the argument was presented that the light was not sufficient to enable the witness to recognize the accused. Notwithstanding this argument the jury found the defendant guilty, and this court held that the conduct of the jury was not shown to be prejudicial to the defendant. The court said that, while it would have been better if the officer had conducted them by another route, the court was not prepared to say that what had been done was misconduct; that if it had any effect at all upon the jury it was in some measure to shake the confidence of the jury in the truth of the statement of the witness for the prosecution who claimed to have recognized the accused. The opinion of this court is sustained by cases from other states which it cited.

It is claimed the court erred in giving to the jury on its own motion instruction No. 6, relating to contributory negligence. This instruction was not prejudicial to plaintiff, and the jury found in his favor.

We have examined the other alleged errors, and are unable to find any error which seems so far prejudicial to the plaintiff's rights as to require the reversal of the judg-

ment and a new trial. The plaintiff has recovered. Only those errors that go to affect the measure of the plaintiff's damages are properly to be considered. We have been unable to find any such.

The judgment of the court below is

AFFIRMED.