ROBERTSON v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Opinion delivered November 29, 1915.

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.—A new trial will not be granted for evidence that is merely cumulative.

2. NEW TRIAL—EVIDENCE—"CUMULATIVE EVIDENCE" DEFINED.—Cumulative evidence is additional evidence to support the same point and which is of the same character as the evidence already produced.

3. NEW TRIAL—EVIDENCE—CUMULATIVE EVIDENCE.—If the only testimony offered to prove a fact is the testimony of a party to the action, additional testimony to prove the same fact is within the meaning of the term "cumulative evidence" as used in the law of new trials.

Appeal from Logan Circuit Court, Southern District; *Jeptha H. Evans,* Judge; affirmed.

*John P. Roberts,* and *Carmichael, Brooks, Powers & Rector,* for appellant.

A new trial should have been granted for newly discovered evidence. 41 Ark. 229; 66 *Id.* 619, 620.

*Thomas S. Buzbee, George B. Pugh* and *C. L. Johnson,* for appellee.

The court properly refused a new trial. The newly discovered evidence was at most cumulative merely. 100 Ark. 203, 206; 2 Ark. 346.

HART, J.   Edward Robertson, a minor fifteen years of age, by his next friend, W. O. Hammond, sued the Chicago, Rock Island and Pacific Railway Company for personal injuries alleged to have been received by being forcibly ejected from a moving freight train by a brakeman in the employment of the railroad company.

Robertson testified as follows : I live with my parents at Abbott, Arkansas, some distance away from the depot but near the railroad tracks. Sometimes a train would be put on the siding near my father's house to wait for another train to pass. On the night I was injured I got on a freight train intending to ride down to my father's house. I had climbed up on the side of the box car and some one with a lantern came along the top of the box car and told me to get off. I did not get off when he told me to and he stepped on my hand and kicked me in the face and knocked me off of the side of the car. I fell off of the car and the train crushed one of my feet so badly that it had to be amputated.

On the part of the railway company it was shown that there were three brakemen on the train in question and that one of them at the time of the trial was sick in the hospital. The other two were witnesses at the trial and each testified that he did not kick the plaintiff or knock him off the train. Each also testified that he saw the other brakeman at about the time the accident occurred and that he did not kick the boy off the train. They testified that the boy fell off the train and that the train then stopped and they picked him up and cared for him as best they could.

Other witnesses for the railroad company testified that the plaintiff told them a short time after the accident occurred that a companion in trying to climb up on the car had accidently stepped on his fingers and thus caused him to lose his hold so that he fell off the train.

The plaintiff, however, denied making this statement and his companion also denied having stepped on the plaintiff's fingers, or having been on the same car at the time he fell off. He stated that he was with the plaintiff at the depot on the night the plaintiff was injured but denied having climbed up on the car with him.

The jury returned a verdict for the defendant and the plaintiff has appealed.

The sole ground relied upon for a reversal of the judgment is that the court erred in not granting plaintiff a new trial on account of newly discovered evidence. It was shown in the motion for a new trial that after the verdict had been rendered the plaintiff's counsel without negligence on his part learned that two farmers who at the time lived about two and a half miles from the town of Abbott who were walking near where the accident occurred on the night the plaintiff was injured and saw the accident. Each of them stated that he saw a man running along on the top of the freight train with a lantern in his hand and heard him call to some one to get off the train, that the man then ran to the side of the car as if he were going to get off the train on the side opposite from them, and that almost immediately after this he heard some one calling as if he were hurt but that he did not go back to see.

(1)   The court did not abuse its discretion in refusing to grant a new trial on the ground of newly discovered evidence. It is well settled that a new trial will not be granted for evidence that is cumulative merely. The correctness of this rule is recognized by counsel for plaintiff but he contends that the evidence proposed to be offered was not cumulative.

(2)   Cumulative evidence has been defined as additional evidence to support the same point and which is

of the same character as the evidence already produced. The evidence offered was of the same kind as the evidence of the plaintiff himself, being parol testimony as to what occurred at the time of the accident. Our statute permits a party to be a witness in his own behalf but this fact does not change the character of his evidence. As a matter of law it can not be said that the evidence of a party to a suit is of any different grade or entitled to more or less weight than that of any other person merely because he is a party. The weight that it is to receive is for the jury to determine.

(3) So it may be said that the rule is that if the only testimony offered to prove a fact is the testimony of a party to the action, additional testimony to prove the same fact is within the meaning of the term "cumulative evidence" as used in the law of new trials. Encyclopedia of Evidence, volume 3, page 925; *Ninninger* v. *Knox, et al.,* 8 Minn. 140; *Atkisson* v. *Martin,* 39 Ind. 242; *Mitchell* v. *Stillings,* 20 Kan. 276; *Shute* v. *Jones,* 24 N. Y. S. 637.

The judgment will be affirmed.