STERNS M. LAW, JR. *v.* SCOTTIE COLLINS, ET UX

5-4144                                    411 S. W. 2d 877

Opinion delivered March 6, 1967

*Mobley & Bullock,* for appellant;

*Williams & Gardner,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asks us to reverse the action of the trial court granting appellees a new trial upon the grounds of inadequacy of the jury verdict in favor of appellees and newly discovered evidence.

The parties were involved in an automobile collision on October 13, 1965. Appellee Scottie Collins and appellant Sterns M. Law were the drivers of the respective vehicles involved, both of which were proceeding in an easterly direction on Highway No. 64 immediately prior to the collision. Mrs. Collins was returning to her home from her work as a housekeeper, driving a pickup truck which belonged to her husband, appellee Earnest Collins. She either stopped or slowed her vehicle to make a left-hand turn onto Mill Creek Road and was struck by the vehicle driven by Law who was approaching from her rear. There was a dispute as to whether a proper signal was given by Mrs. Collins before the collision.

Appellees' complaint charged that appellant was negligent in several particulars, most of which related to the disregard of the superior right of the forward vehicle to the use of the highway. Both Law and Mrs. Collins suffered injuries and the Collins vehicle was damaged. In his answer, appellant included a counterclaim for medical expenses on account of injuries received by his wife and minor children who were passengers in the vehicle driven by him.

Trial was had on April 19, 1966, resulting in a jury verdict for appellee Scottie Collins and assessing her damages at $750.00. A verdict was directed in favor of Earnest Collins on the counterclaim of Law. The jury

was instructed that if it found Scottie Collins free of negligence as a proximate cause of the collision, it should award the full amount of any damages she sustained by reason of the negligence of appellant, but that if it found Law free of negligence, then he was entitled to recover from Mrs. Collins the full amount of his damages proximately caused by any negligence on her part. The instruction (AMI 2104) then went into application of the comparative negligence statute. The court then gave AMI 2201 telling the jury that if it found for Mrs. Collins on the question of liability, it must fix the amount of her damages and gave them the measure thereof. The jury was also instructed that if it found for appellant Law on the question of liability, it must fix the amount of his damages.

> The court submitted the following forms of verdicts:
> We, the jury, find for Scottie Collins on her Complaint, and against Sterns M. Law Jr., the defendant, and assess her damages at ———— dollars.
>
> We, the jury, find for Earnest Collins on his Complaint, against Sterns M. Law Jr., the defendant, and assess his damages at ———— dollars.
>
> We, the jury, find for Sterns M. Law Jr., on his Counterclaim, and against the plaintiff, Scottie Collins, and fix his damages at ———— dollars.
>
> We, the jury, find against Sterns M. Law Jr., on his Counterclaim, and for the defendant, Scottie Collins.
>
> We, the jury, find for Sterns M. Law Jr., the defendant, and against Scottie Collins, the plaintiff, on their Complaint.

The court instructed the jury that its verdict would be in *one* of the forms submitted. No objection was made by either party.

> After deliberation, the jury first returned into court a verdict finding for appellee Scottie Collins on her complaint and fixing her damages at $750.00. This was the only verdict returned at this time. The trial judge then,

with consent of counsel, directed the jury to retire and assess the damages of Earnest Collins since there was no negligence on his part. Thereafter they returned with such a verdict fixing his damages at $200.00.

While it seems that this is a case which might better have been submitted to the jury on interrogatories, or at least that there might better have been more explicit instructions about the use of the forms of verdicts, we think that the only proper conclusion to be reached is that the jury found that Law was guilty of negligence in a greater degree than was appellee Scottie Collins.

The granting of a new trial to Earnest Collins was not an abuse of discretion. We have always followed the rule that the action of the trial judge on a motion for new trial upon a statutory ground should not be reversed in the absence of abuse of his discretion. The claim of Earnest Collins was only for property damage. He was the only witness on the amount of his damages. He testified that his vehicle was worth $600.00 less after the collision than it was before. He offered a repair bill totaling $599.85. There is some question whether the jury ever saw or had the repair bill read to them, but Collins did admit that some of the items thereon may not have resulted from the collision. These items, however, would account for a reduction in damages in an amount far less than $400.00. Error in the assessment of the amount of recovery, whether too large or too small, where the action is for the injury of property, is one of the statutory grounds for a new trial. Ark. Stat. Ann. § 27-1901 (Repl. 1962). While the testimony of a party is not to be treated as uncontradicted in testing sufficiency of evidence to support a verdict, the trial judge who saw and heard the witnesses apparently found that his testimony was such that a $200.00 verdict was erroneous.

Quite a different situation presents itself in the case of Mrs. Collins. Since the trial judge instructed the jury on the law of comparative negligence and told them to return their verdict on one of the forms submitted, it is

proper to assume that they found both parties negligent, but appellant more negligent than Mrs. Collins. It would follow that they made an appropriate deduction from the damages awarded her in accord with the court's instruction. The record, of course, is silent as to the amount of damages they found before the deduction and as to the percentage of negligence they attributed to her. Mrs. Collins testified that her medical expenses consisted of:

| St. Mary's Hospital | $178.90 |
|---|---|
| Millard-Henry Clinic | 114.00 |
| *Jones-Murphy Clinic | 125.00 |
| Freiderica Pharmacy | 13.50 |
| C & D Drug Store | 113.25 |

*($25.00 was deducted for a medical report by direction of the court.)

She also testified that she lost twenty weeks work at one time and six and one-half weeks at another, but that she had earned $84.00 during the latter period. She said that she earned $40.00 per week when working.

It was admitted that Mrs. Collins had been nervous and unable to sleep following major surgery sometime previous to the collision, and that she was taking medication on account of that condition. She said that the nerve pills she took for the pre-existing condition, and continued taking after the collision, cost fifteen cents per day.

The action of the court in granting a new trial to Mrs. Collins on the basis of inadequacy of damages must be viewed in the light of the prohibition in Ark. Stat. Ann. § 27-1902 (Repl. 1962) [Civil Code, § 372] which states:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

While this precise section has not been construed by us, courts of other states having the identical language have

held that this statute prohibits the granting of new trials in any action for personal injuries. See *Sharpe* v. *O'Brien,* 39 Ind. 501; *Blakely* v. *Omaha & C. B. Street R. Co.,* 94 Neb. 119, 142 N. W. 525; *O'Reilly* v. *Hoover,* 70 Neb. 357, 97 S. W. 470; *Murray* v. *Decker,* 132, Okla. 188, 270 P. 38. i

It has even been held that this section prevents the granting of a new trial when the verdict is for nominal damages only in spite of evidence of substantial damage. *Norton* v. *Lincoln Traction Co.,* 92 Neb. 649, 138 N. W. 1132; *Langdon* v. *Clarke,* 73 Neb. 516, 103 N. W. 62; *Woodard* v. *Sanderson,* 83 Okla. 173, 201 P. 361.

Although the statute has not been mentioned, this court has refused to follow this latter most narrow construction. Our cases indicate an inclination to permit a new trial for inadequacy of damages where evidence clearly establishes pecuniary injury in excess of the damages. *Dunbar* v. *Cowger,* 68 Ark. 444, 59 S. W. 951 (motion ordered granted as being contrary to law and evidence); *Carroll* v. *Texarkana Gas & Electric Co.,* 102 Ark. 137, 143 S. W. 586 (as having been in disregard of undisputed evidence); *Martin* v. *Kraemer,* 172 Ark. 397, 288 S. W. 903 (as not being supported by substantial testimony). This conforms with the construction given to statutes of other states which differ from ours only in that the word "or" is used in place of "nor". See *Drury* v. *Franke,* 247 Ky. 758, 57 S. W. 2d 969, 88 A.L.R. 917 and annotation, 88 A.L.R. 948. The distinction made in some of the opinions seems to be upon the basis that by use of the word "or" actions for injury to the person, actions for injury to reputation and any other actions are alternates, each limited by the words "where the damages shall equal the actual pecuniary injury sustained." The use of the word "nor" seems to be taken in these opinions to separate the clauses so that only actions other than those for injury to the person or reputation are affected by the quoted words as to pecuniary damage. The latter construction would prohibit the granting of a new trial for smallness of damages in any action for

personal injury. This would be difficult to harmonize with our decisions above cited. It has been held in some states whose statutes contain the word "nor" that the statute permits the granting of new trials where the damages awarded are not equal to the pecuniary loss which was capable of accurate computation. *Bailey* v. *Cincinnati,* 1 Hand. 438, 12 Ohio Dec. Reprint 225; *Landneier* v. *Cincinnati,* 7 Ohio N. P. 188, 4 Ohio Dec. N. P. 265; *Carpenter* v. *City of Red Cloud,* 64 Neb. 126, 89 N. W. 637; *Spirk* v. *Chicago, B. & Q. R. Co.,* 57 Neb. 565, 78 N. W. 272.

The proper construction of this statute is complicated by reason of the fact that our Civil Code was adopted from the Kentucky Code [See Crawford, Civil Code of Arkansas, Ann.,] yet the Kentucky Code uses the word "or". Thus, the Kentucky cases (which ordinarily are at least persuasive in Arkansas) holding that a new trial may be granted where damages awarded in a personal injury action were not equal to the actual pecuniary injury sustained, are of questionable assistance. The most favorable construction given these acts would only permit the granting of a new trial where the damages were not equal to the total expenditures of the injured party for medical bills, incidental expenses and loss of time proven with reasonable mathematical certainty. This would not take into consideration pain and suffering, mental anguish, impairment of earning capacity and such other items as could not be accurately computed.

Even if we give this statute the construction most favorable to appellee, we do not believe the granting of a new trial on this ground can be sustained. Mrs. Collins' testimony showed medical expenses of $544.65 and loss of time totaling $976.00, or total pecuniary loss of only $1,520.65. On the other hand, appellant contends that only $392.65 of this was attributable to her present injury, and the jury was justified in deducting $28.05 for nerve pills (at fifteen cents per day from the date of the

collision to the time of trial). It might have been justified in deducting $100.00 for an examination only by Jones-Murphy Orthopedic Clinic. In any event, it seems certain that the jury found pecuniary loss totaling less than twice as much as the verdict. In that case, the jury's verdict for more than one-half of the pecuniary loss of Mrs. Collins could not be said to be an award of damages less than her actual pecuniary injury. This compels us to find that the trial judge, who stated that entitlement to a new trial on this ground was debatable, abused his discretion in this regard.

Appellees, however, contend that a new trial was properly granted on account of newly discovered evidence. In support of their motion on that ground, they present the affidavit of one Edward Thompson. Thompson claims to have seen the collision and, after having proceeded immediately to the scene, to have heard appellant say, "I was in the wrong and I have insurance to cover it." Of course, in order to be the proper basis for a new trial, the evidence must not be cumulative. *Kearns v. Steinkamp,* 184 Ark. 1177, 45 S. W. 2d 519. The fact that the additional testimony would be cumulative only to the testimony of a party to the action does not afford any better basis for the granting of a new trial. *Robertson v. Chicago, R. I. & P. Ry. Co.,* 121 Ark. 233, 180 S. W. 507. Thompson's testimony as to the manner in which the collision occurred and as to the giving of a left-turn signal by Mrs. Collins is purely cumulative to the testimony of witnesses to the same facts, other than Mrs. Collins. As to the admission of being in the wrong, the testimony would only be cumulative to the testimony of Earnest Collins about appellant's statements which was:

"'Well, I went back over there where the boy was at, they showed me who he was, and I said to the boy— I said, 'How come you to hit my wife in the back end of the truck,' and he said, 'Well, there was just one thing about it, I either had to hit your wife—I seen her hand out and the blinker, but I was going fast

enough I couldn't stop.' He said, 'If I had went to the right, I'd throwed my family in the river, and I seen I was meeting another car, and there wasn't but one thing for me to do'—said, 'It was better to kill one—knock one off the road then it was to kill the five in my family, and I let her have it.' That's the words he said.''

We do not believe that appellees would contend that the portion of Thompson's statement about insurance coverage would be admissible in evidence, separate and apart from the admission of liability. This court has said that such unnecessary reference to insurance is improper and when pursued, highly prejudicial. *Peay* v. *Panich,* 191 Ark. 538, 87 S. W. 2d 23. It is true this court held that such a statement made in connection with an admission of liability as part of the res gestae was admissible in *Jackson* v. *Ellis,* 213 Ark. 826, 212 S. W. 2d 715, by a divided court. It was justified by the majority on the basis that there was no planned and independent purpose by counsel to emphasize insurance or to draw from the witness any statements made with conscious reflection influenced by considerations other than the impulse to translate action into words. While Thompson's statement may have been part of the res gestae, it would be difficult to say that this portion of the statement now revealed could be offered without conscious purpose.

The order of the trial court granting a new trial is affirmed, insofar as it relates to appellee Earnest Collins. The cause is reversed and remanded insofar as it relates to the appellee Scottie Collins and the trial court is directed to enter judgment in her favor based upon the jury verdict.